Ernst S. Bergmann, Claus Haage, and American Surety Company of New York, a Corporation, Plaintiffs-Appellees, v. Multi-State Inter-Insurance Exchange, Formerly Known as Rural Insurance Exchange, Defendant-Appellant, and The Indemnity Insurance Company of North America, Defendant-Appellee.

### Gen. No. 48,754.

First District, First Division.

January 18, 1963.

Edward H. Steinlauf, Albert Drucker and Harry G. Fins, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann, Oswell G. Treadway and Thomas J. Weithers, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from a judgment entered against defendant, Multi-State Inter-Insurance Exchange, declaring that plaintiffs, Ernst S. Bergmann and Claus Haage, were entitled to insurance coverage and defense in two pending lawsuits against them.

Plaintiff Bergmann, who, in partnership with co-plaintiff Haage, ran an automobile repair shop at 2158 West Belmont Avenue, was the owner of a 1952 Chrysler automobile, insured by Multi-State, the successor to Rural Insurance Exchange, the original insurer. The Haage & Bergmann partnership had a garage liability policy issued by co-plaintiff American Surety Company of New York. On July 6, 1959, a Dr. Zoltan brought his car to the Haage & Bergmann garage for repairs, and, because the physician needed a car for emergency calls, plaintiff, Bergmann, loaned Dr. Zoltan the Chrysler automobile insured by Multi-State. Several days later, Dr. Zoltan was in an accident with the borrowed automobile. Subsequently, two separate lawsuits were instituted, by Angelo Ritas, and by Adrian Equitz and Joseph Broderick, against Bergmann, Haage and Dr. Zoltan for personal injuries and property damage resulting from the accident.

Haage and Bergmann, along with American Surety, which was then defending both Haage and Bergmann in the two cases pending, brought this declaratory judgment action against Multi-State and The Indemnity Insurance Company of North America, Dr. Zoltan's insurer, praying:

(a) That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the policies of insurance hereinabove described;

(b) That this Court find and declare that the plaintiffs, Ernst S. Bergmann and Claus Haage, be entitled to coverage under the policies of insurance issued by the defendants with respect to the accident described in the complaint and the lawsuits arising therefrom, and to pay any judgments which may be entered in the said cases with-

471

in the limits of coverage provided in the said policies of insurance;

(c) That this Court find and declare that the plaintiff, American Surety Company of New York, be not obligated to defend Ernst S. Bergmann and Claus Haage in the suits hereinabove described, and that this Court enter judgment in such sum as may be proper in favor of the plaintiff, American Surety Company of New York, and against the defendants for the expenses incurred by the said plaintiff in defending Ernst S. Bergmann and Claus Haage in the suits hereinabove described;

(d) That this Court grant the plaintiffs such further relief as it may deem meet and proper.

After answers were filed by Multi-State and Indemnity, subparagraph (c) of the prayer was stricken on motion of plaintiffs.

The trial judge found that the Multi-State policy covered Bergmann and Haage as to the accident and that the American Surety policy was excess insurance over and above that of the Multi-State policy. Indemnity was dismissed without prejudice and is not involved in this appeal. Multi-State seeks a reversal of the finding that its policy covered the accident.

██ Multi-State first contends that the complaint should have been dismissed as being in violation of legal ethics and contrary to public policy. The argument is that plaintiffs' counsel, who represents both the insurance company and assured, is guilty of a breach of ethics in filing suit in the name of the insurance company and also in the name of the assured, the object being to relieve the insurance company of its liability to the assured. Defendant relies on Allstate Ins. Co. v. Keller, 17 Ill App2d 44, 149 NE2d 482.

472

There it was held untenable to permit a disclaimer of liability for lack of co-operation under a policy where the attorney failed to disclose to the assured a conflict of interest and failed to terminate his relationship with the assured. The attorney had proceeded to take the assured's deposition for the admitted purpose of placing the insurance carrier in a position to disclaim liability under the policy. This is completely different from the situation present here. Sub-paragraph (c) of the prayer, which sought a declaration that American Surety is not liable to defend Haage and Bergmann in the two suits, was stricken from the complaint. As it now stands, the complaint merely seeks additional protection for the assureds. And, unlike Allstate, there has been no concealment of the relationship between the parties, as it is with Haage's and Bergmann's obvious consent that this suit has been instituted.

■ Multi-State's contention is primarily based on the fact that, in its answer, it averred that the complaint involved a conflict of interest in direct violation of the Canons of Professional Ethics and is in violation of public policy and, argues, since no reply was filed to this affirmative matter, it stands admitted. This affirmative averment presented a question of law only and hence required no reply. Farley v. Security Ins. Co. of New Haven, Conn., 331 Ill App 448, 73 NE 2d 662.

■ Multi-State next argues that the withdrawal of subparagraph (c) constituted a disclaimer to the relief plaintiffs obtained by the judgment. This contention is untenable. Sub-paragraph (b) of the prayer requested a judgment declaring that Bergmann and Haage were entitled to coverage and defense by Multi-State and Indemnity. The relief granted, that Multi-State is primarily liable for coverage and defense, is part of the relief requested by sub-paragraph (b). The

473

withdrawal of sub-paragraph (c) did not constitute a disclaimer to the relief granted.

■ ■ The policy issued by Multi-State to Bergmann provided that:

> When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

On this appeal, Multi-State contends this provision has not been complied with, thus relieving Multi-State of liability under the policy. International Harvester Co. v. Continental Cas. Co., 33 Ill App2d 467, 179 NE2d 833. Paragraph 10 of the complaint alleged, "[t]hat the plaintiffs, Ernst S. Bergmann and Claus Haage, have requested the defendants to extend coverage to them under the respective policies of insurance by said companies, and that the said defendants have refused so to do." Multi-State made a general denial. When an insurance carrier relies upon lack of notice it must be specifically pleaded. Maltby v. Empire Auto Ins. Ass'n, 239 Ill App 532. Multi-State made no motion to strike the complaint nor did it question Bergmann as to notice when he testified. Since the issue of notice was not raised in the trial court, Multi-State may not raise it for the first time on appeal.

■ ■ Multi-State's next point is that there is no actual controversy and hence, a declaratory judgment is improper. The argument is that neither American Surety nor Haage were insured by Multi-State and that Bergmann is "perfectly happy" with the present situation. As to whether Bergmann is "perfectly hap-

474

py" with the present situation is best demonstrated and answered by his present status as a party plaintiff in the instant suit. Nothing in the record indicates that he is an unwilling plaintiff. Haage is a proper plaintiff since the insurance policy issued by Multi-State provides that, "the unqualified word 'insured' includes the named insured and, . . . any person or organization legally responsible for the use thereof," provided the use was with permission. The exclusionary provision specifically provides that exclusion does not apply to a partnership in which the named insured is a partner, or to any partner, agent or employee of the partnership. Clearly, under the terms of the policy, Haage is entitled to protection.

■ Nor can Multi-State deny that the determination of which of two insurance policies provides primary coverage is a proper subject for a declaratory judgment. It was precisely stated in Farmers Automobile Ins. Ass'n v. Janusick, 30 Ill App2d 352, at p 359, 174 NE2d 705:

> To summarize, the foregoing authorities indicate that declaratory judgment statutes should be liberally construed; that the construction of an insurance policy is the proper subject of a declaratory judgment action; and that the insurance company may ask to have its policy construed prior to the time that a suit against the insured has been prosecuted to judgment. Declaratory judgment statutes should be used to promote and facilitate rather than delay and impede the meting out of justice.

One of Multi-States own authorities, Allstate Ins. Co. v. Urban, 15 Ill App2d 386, 146 NE2d 387, was a declaratory judgment action involving two insurance companies in which a determination was sought as to which company was obligated to provide coverage.

475

■ Multi-State argues that the judgment entered below is contrary to law, fact and logic, relying strongly on Allstate Ins. Co. v. Urban, 15 Ill App2d 386, 146 NE2d 387. There, the owner of a Chevrolet brought his car to a garage for repairs and the garage loaned him, without permission, another customer's Mercury to use while the Chevrolet was being repaired. While driving the Mercury, the customer became involved in an accident. The owner of the Mercury did not carry insurance and a declaratory judgment action was instituted by Allstate (the Chevrolet's carrier) to determine whether it or the carrier of the garage liability policy was liable for coverage and defense. There the court found that the automobile had been loaned in accordance with the usual custom of the business, bringing the borrowed car and its operator under the garage liability policy. In the instant case there was a finding, uncontroverted by any evidence, that Dr. Zoltan was given use of the Chrysler as a personal favor by a friend and that the loaning did not arise out of the operation of a repair shop.

The question here was presented under similar circumstance in Employers Mut. Cas. Co. v. Federated Mut. Implement & Hardware Ins. Co., 213 F2d 421 (CA 8). In that case, Federated had issued a garage liability policy to "Ulvick's." An employee of "Ulvick's" loaned his car, insured by Employers, to Henry Ulvick, "Ulvick's" president, to use for the purpose of picking up his daughter at college. While en route, Ulvick had an accident and Federated brought a declaratory judgment action to determine whether it or Employers was liable for coverage and defense. Employers contended, as Multi-State does here, that the accident was connected to the garage business and that the garage carrier was liable under its policy. Federated contended that its policy extended only to automobiles used in connection with the garage business and that, when the accident occurred, Ulvick was using

the car for personal reasons unconnected with the garage business. The trial court found, as here, that the accident did not arise out of the operation of the garage business and that the car's carrier was liable for coverage and defense. The Court of Appeals affirmed this finding.

We find no reversible error and the judgment of the trial court will be affirmed.

Affirmed.

MURPHY and ENGLISH, JJ., concur.