Farmers Automobile Insurance Association, an Inter-Insurance Exchange, Plaintiff-Appellant, v. William C. Hamblin and Paul R. Hamblin, Defendants-Appellees.

Gen. No. 10,453.

Third District.
September 10, 1963.

Costigan & Wollrab, of Bloomington, for appellant.

Campbell, Markowitz & Lawrence, of Bloomington (Keith E. Campbell, of counsel), for appellees.

ROETH, JUSTICE.

Plaintiff filed a complaint for declaratory judgment to determine its rights and obligations under a policy of automobile insurance issued to defendant William C. Hamblin. The complaint alleged, in substance, that after the issuance of the policy, the defendant, Paul Hamblin, as driver of the automobile insured, was involved in an occurrence in which certain persons were injured and one person was killed; that claims were being made by said persons against defendants and that defendants were contending that plaintiff was obligated to defend them against such claims and pay any judgments rendered against them; that in the application for insurance defendant William C. Hamblin had made certain false representations which were material to the risk; that plaintiff had therefore voided the policy ab initio and was not liable for said claims or obligated to defend against them. Defendants filed a motion to dismiss. The basic ground assigned for said motion was that an action for declaratory judgment could not be maintained to resolve the issues alleged in the complaint. The trial court sustained the motion and entered final judgment. This appeal followed.

In Country Mut. Ins. Co. v. Bergman, 38 Ill App2d 268, 185 NE2d 513, we thoroughly considered this precise question. We held that a contention that the declaratory judgment procedure was not available in a comparable situation, was not tenable.

The complaint in question stated a good cause of action for declaratory judgment. The trial court committed error in sustaining the motion to dismiss and in entering final judgment. Defendants should have been required to answer the complaint and the issues raised on the complaint and answer should have been determined by the trial court. In so holding we do not intend to express any opinion on the merits of the

483

allegations tendered by the complaint filed in the trial court.

The judgment of the Circuit Court of McLean County is reversed and the cause is remanded with instructions to proceed in accordance with this opinion.

Reversed and remanded.

REYNOLDS, PJ and CARROLL, J, concur.