Employers Liability Assurance Corporation, Limited, a Corporation, and DeKalb Forge Company, a Corporation, Plaintiffs-Appellants, v. Country Mutual Insurance Company, a Mutual Company, James D. Gormley, et al., Individually and as Administrator of the Estate of Waite W. Embree, Deceased, Defendants-Appellees.

Gen. No. 11,859.

Second District.

July 2, 1964.

Lloyd J. Tyler, Jr., of Aurora, and Boyle & Cordes, of DeKalb (Lloyd J. Tyler, Jr., John G. Boyle and Gary Cordes, of counsel), for appellants.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel), for appellees.

ABRAHAMSON, P. J.

The plaintiff's complaint, for a declaratory judgment seeking to determine the rights and liabilities of the parties hereto under policies of insurance on motion of the defendants, was dismissed by the trial court. The complaint alleges that there is a pending action for wrongful death in the Circuit Court of DeKalb County commenced by Mattie W. Embree, widow and administrator of the Estate of Waite W. Embree, deceased, wherein James D. Gormley and DeKalb Forge Company, a corporation, are the defendants.

Gormley owned and operated an automobile involved in the accident which resulted in the death of Waite W. Embree. At the time of the occurrence Gormley is alleged to have been an agent or employee of DeKalb Forge.

There was in effect at the time of the accident an automobile liability policy issued by the defendant, Country Mutual Insurance Co., covering the automobile owned and operated by Gormley. Plaintiff, Employers Liability Assurance Corporation, Limited, had issued an automobile liability policy to DeKalb Forge providing liability coverage, including any loss resulting from an accident in the operation of a nonowned automobile. Employers Liability investigated and answered the Embree complaint on behalf of DeKalb Forge and tendered and demanded of Country Mutual the defense thereof. Country Mutual refused to defend.

342

The complaint asked for: 1) A declaration of the rights and liabilities under the policies aforementioned; 2) A finding that Country Mutual is required to defend DeKalb Forge; 3) A finding that Country Mutual is the primary carrier and Employers Liability is limited to the excess coverage, and 4) That Employers be awarded its attorneys' fees and costs already expended in answering and preparing the defense of the Embree case.

The trial court, in granting the Motion to Dismiss, concurred with the defendants' position that a declaratory judgment action is not available in advance of an adjudication of the issues in a personal injury case and is addressed to the sole discretion of the court, relying on State Farm Mut. Automobile Ins. Co. v. Morris, 29 Ill App2d 451, 173 NE2d 590 (Second District, Second Division, April 4, 1961). Plaintiff relies on Farmers Automobile Ins. Ass'n v. Janusick, 30 Ill App2d 352, 174 NE2d 705 (Second District, First Division, April 4, 1961). Both of these cases were decided in the Second District, one by the First Division and the other by the Second Division. Both were filed on the same day and there appears to be a conflict between them. A lengthy summation in 142 ALR 8, 12, supports the position of counsel for the plaintiff. Furthermore, in many Illinois cases decided since the Morris and Janusick cases, the declaratory judgment procedure has been utilized in comparable situations. Some of these cases are Country Mut. Ins. Co. v. Bergman, 38 Ill App2d 268, 185 NE2d 513; Bergmann v. Multi-State Inter-Insurance Exchange, 39 Ill App2d 468, 189 NE2d 49 and Farmers Automobile Ins. Ass'n v. Hamblin, 42 Ill App2d 482, 192 NE2d 450.

We are, therefore, of the opinion that the contention of counsel for the defendants is without merit.

For the reasons indicated the judgment of the Circuit Court of DeKalb County is reversed and remanded with directions to overrule the Motion to Dismiss.

Reversed and remanded with directions.

CARROLL and MORAN, JJ., concur.