People ex rel. Madison Chemical Corporation, Plaintiff-Appellant, v. Francis W. Gurrie, Defendant-Appellee.

Gen. No. 49,574.

First District, First Division.

October 19, 1964.

Francis X. Riley, of Chicago, for appellant.

Dale, Haffner, Grow & Overgaard, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from the final order of the Circuit Court dismissing the plaintiff's petition to recover

costs and damages against defendant after plaintiff had been awarded a writ of mandamus.

Madison Chemical Corporation filed a petition for a writ of mandamus on April 23, 1963, to compel defendant, the acting Township School Treasurer for Lyons Township, in Cook County, to pay the plaintiff the sum of $3,737.77 "as authorized by the Board of Education of School District 109, Cook County, Illinois, for material purchased and used, together with interest payable from the date of authorization for these payments." The plaintiff also prayed for costs and damages as provided by statute. Subsequently the defendant filed an answer and a jury demand.

On July 26, 1963, the plaintiff filed a motion for summary judgment. The defendant moved to strike the motion which was denied. The defendant then filed a counter affidavit and amended his answer, in which pleadings, among other things, he set forth the fact that the appropriation for custodial supplies for School District 109 was exhausted. The affidavit, after stating that the defendant was the treasurer of ten other school districts, recited, "that by reason of the tremendous amounts paid by School District No. 109 in comparison with the amounts paid for custodial supplies by other districts which had in some instances even more school houses than School District No. 109, the defendant became doubtful as to whether such custodial supplies had actually been delivered."

On September 11, 1963, summary judgment was rendered against the defendant and he was ordered to pay the plaintiff the sum of $3,737.77, which was subsequently paid by defendant. The judgment order which had been prepared by the plaintiff did not include interest, costs or damages.

No motions of any kind were made by the plaintiff in the same proceedings until December 17, 1963, when it filed the petition to assess damages and costs against the defendant involved here pursuant to Sec-

tion 5 of the law in relation to mandamus (Ill Rev Stats c 87, § 5 (1963) which permits a petitioner to recover "his damages and costs." The defendant's motion to dismiss the petition on the ground that the court had lost jurisdiction was sustained and this appeal followed.

Section 5 of chapter 87 provides that if judgment is given for petitioner he shall recover his damages and costs. The plaintiff contends that the entry of the summary judgment was only for part of its claim and since the issue of costs and damages had to be proved by competent evidence the trial court had continuing jurisdiction to dispose of all of plaintiff's claims.

The record, however, is clear that while plaintiff claimed interest, costs and damages in its original petition, plaintiff neither made a request for these claims at the time judgment was entered nor moved that the court reserve jurisdiction for that purpose. Moreover, the judgment order entered did not provide that the court retain jurisdiction for any further proceedings.

None of the cases cited by the plaintiff sanction the course of procedure which it followed here. Several of the cases cited have no bearing whatever on the question of this case. (Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576 (1958); In re Estate of Jensik, 34 Ill App2d 130, 180 NE2d 740 (1962); Kruse v. Streamwood Utilities Corp., 34 Ill App2d 100, 180 NE2d 731 (1962).) Other cases cited by the plaintiff are clearly distinguishable from this case. In some of the cases the trial court heard certain issues after a judgment on other issues because it had specifically reserved jurisdiction to do so. (Watson v. Lee Loader & Body Co., 302 Ill 276, 134 NE2d 719 (1922); Central Trust Co. of Illinois v. Hagen, 339 Ill 384, 171 NE 531 (1930); Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787

(1958); Simon v. Simon, 37 Ill App2d 100, 185 NE2d 111 (1962); Hanley v. Hanley, 13 Ill2d 209, 148 NE 2d 792 (1958).) In still others, though costs and damages were awarded in a mandamus action, they were awarded at the time the judgment for the writ was given. (Roesch-Zeller, Inc. v. Hollembeak, 5 Ill App 2d 94, 124 NE2d 662 (1955); County of Pike Com'rs v. People ex rel. Metz, 11 Ill 202 (1849); Lyons Highway Com'rs v. People ex rel. Killham, 38 Ill 347 (1865); People v. Edmands, 252 Ill 108, 96 NE 914 (1911); People v. Board of Sup'rs of Gallatin, 294 Ill 579, 128 NE 645 (1920); People ex rel. Chamberlin v. Trustees of Schools of Tp. No. 1, 319 Ill App 370, 49 NE2d 666 (1943).)

■ We are not persuaded by defendant's argument that judgments rendered on a motion for summary judgment are different from other judgments. The test to be followed in deciding whether the judgment in this case was final is whether the summary judgment terminated the litigation between the parties on the merits of the cause. The Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371 (1958).

■ In our opinion the parties themselves considered, as did the trial judge who heard both petitions, that on September 11, 1963, when the judgment was entered, the matter in controversy was terminated on the merits. We conclude that a final judgment was entered.

Paragraph 82 of chapter 77 of Ill Rev Stats (1963) provides:

> When judgments conclusive. § 1. Hereafter every judgment, decree or order, final in its nature, of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication upon the expiration of thirty days from the date of its rendition as, under the law heretofore in force, it has had

upon the expiration of the term of court at which it was rendered.

Since the petition for costs and fees was not filed within thirty days of the entry of the judgment and since jurisdiction was not retained by the court, the trial court correctly held that it was without jurisdiction to modify the judgment and the petition to modify was properly dismissed.

The order of the Circuit Court is therefore affirmed.

Order affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.