**Eugene Matanky & Associates, Inc., an Illinois Corporation, Plaintiff-Appellant, v. Harold Onixt and Claire Onixt, His Wife, Defendants-Appellees.**

Gen. No. M–50,908.

First District, Third Division.

July 29, 1966.

Favil David Berns, of Chicago (Harry G. Fins, of counsel), for appellant.

David T. Onixt, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff's action seeking to recover a commission alleged to be due on the sale of real estate was tried by a court without a jury. The court found for defendants and judgment was entered accordingly. More than thirty days after entry of the judgment, defendants made a

motion to recover their expenses and reasonable attorney's fees pursuant to section 41 of the Civil Practice Act, which reads as follows:

> "Untrue Statements.) Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, *to be summarily taxed by the court at the trial.*" (Emphasis added.)

The court found for defendants on that phase of the case and entered judgment against plaintiff for $626, from which plaintiff appeals.

The sole point made by plaintiff is that defendants' motion was made more than thirty days after the entry of the original judgment, that the provision in section 41 that the costs are "to be summarily taxed . . . at the trial," requires that the assessment be made at the trial, or certainly within thirty days thereafter.

Defendants reply that until the expiration of the thirty day period for the filing of post-trial motions, the expenses incurred in the litigation could not be finally determined, and hence the motion made within fifteen days *after* the thirty day period was timely.

In Adams v. Silfen, 342 Ill App 415, 96 NE2d 628, the court was faced with the problem of construing the language of section 41 (formerly Ill Rev Stats, c 110, § 165 (1949)). The court held that "summarily" did not mean "arbitrarily," and that the party sought to be charged with the payment of costs must be afforded an opportunity to be heard. The court said, however, that "summarily" means that "it should be done without delay and without undue formality. . . ." In Boss v. Coe Inv. Co., 45 Ill App2d 417, 195 NE2d 735, a motion pursuant to section 41 was made more than fourteen months

after affirmance of the judgment. On appeal the court cited Adams v. Silfen, supra, and held that a claim for expenses should be made without delay at the trial and that the petition was not timely.

In People ex rel. Madison Chemical Corp. v. Gurrie, 52 Ill App2d 360, 202 NE2d 123, the court held that a motion for costs and fees under section 41 must be filed within thirty days. There, the petition was filed three months after judgment was entered, and the court said, "since jurisdiction was not retained by the court, the trial court correctly held that it was without jurisdiction to modify the judgment. . . ." (P 364.)

Defendants argue that the above decisions are not controlling because they involve periods of time greater than the forty-five days which elapsed in the instant case. The decision in Madison-Chemical Corp. v. Gurrie, supra, however, was not based upon the reasonableness of the amount of time after judgment; rather, the court said that after thirty days the trial court had lost jurisdiction.

■ ■ Defendants contend that a rule requiring the filing of such a petition within thirty days would deprive a party of the right to recover those expenses which cannot be calculated until after the expiration of the thirty-day period. The trial court, however, has the power to retain jurisdiction of the cause after the filing of such a motion within the thirty-day period for the purpose of determining whether further costs and expenses have been incurred and entering judgment accordingly. We hold that a motion pursuant to section 41 seeking to recover expenses must be filed within thirty days after judgment.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.