Dorothy Brooks, Plaintiff-Appellee, v. Joseph Goins, Defendant-Appellant, and St. Lawrence Insurance Company, Garnishee-Appellant.

Gen. No. 49,774.

First District, Fourth Division.

March 10, 1967.

Gillin and Owens, of Chicago (Charles J. Owens, of counsel), for appellant.

Howard W. Minn and Melvin B. Lewis, of Chicago, for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff sued for personal injuries arising out of an automobile accident. When defendant failed to appear, he was defaulted and judgment was entered on May 22, 1963 in the amount of $3,500.

Summons, notice of garnishment, and interrogatories were served upon defendant's alleged insurer, St. Lawrence Insurance Company. Garnishee answered, "No funds," which answer was contested by plaintiff and the matter was set for hearing. Later, garnishee answered "no" to an interrogatory asking whether or

not on November 12, 1962 (the date of the accident) it was the insurer of defendant, Joseph Goins. Shortly thereafter, a Notice to Admit was filed by plaintiff, calling upon garnishee to admit that it had issued an automobile insurance policy to Joseph Goins, which policy was in full force and effect on the date of the injury to plaintiff. The Notice to Admit specified the policy number— SL 30 81–021. Garnishee answered the Notice to Admit by stating "that there was not an automobile liability insurance policy issued by the St. Lawrence Insurance Company known as Policy No. SL 30 81–021 insuring one Joseph Goins, and said Garnishee Defendant further avers that on or about November 12, 1962, it did not insure one Joseph Goins under any policy of insurance."

A subpoena duces tecum was served on Goins to appear for deposition with all public liability insurance policies issued to him and insuring him on November 12, 1962. Goins appeared for his deposition on November 25, 1963, and on the same day, through counsel for garnishee, he filed a motion to vacate the original judgment of May 22, 1963, which motion was continued to a later date. This motion, filed some six months after entry of the judgment, did not in itself stay the judgment and the court was not requested to stay its enforcement. Ill Rev Stats (1963), c 110, § 72(4). Then, on December 10, 1963, plaintiff appeared for hearing on the garnishment contest and presented evidence, including a copy of Goins' insurance policy showing on its face that garnishee had issued its Policy No. SL 30 81–021 to Goins and that such policy was in effect on the date of the accident. The record indicates that garnishee failed to appear or appeared too late at this proceeding. The court entered a judgment in favor of the plaintiff and against garnishee. Subsequently, the minute clerk (upon noticing the order of November 25, 1963, which had entered defendant's motion to vacate

the original judgment and continued hearing thereon) altered the record for December 10, 1963, by crossing out the order: "Tr. by Ct. J. for Plff. $3560 and costs," and by making the following entry in its place: "Ord. Ct. No. Ord. See Ord. 11-25-63." The clerk also entered the following on the "half sheet" of the court file: "December 10, 1963: Trial by court. Motion of plaintiff for judgment denied. See order of November 25, 1963." The testimony indicates that the clerk's entries were made pursuant to the authority of the magistrate.

On February 25, 1964, the motion of Goins to quash service of summons and to vacate the original judgment was overruled. Then, on March 23, 1964, at the instigation of plaintiff, a further hearing was held to inquire into the reasons for the clerk's having crossed out the garnishment judgment of December 10, 1963. Defendant's motion to quash and vacate the original judgment was again renewed and again denied. Testimony was also given, and arguments heard from both sides as to the propriety of the various orders that had been entered. The trial court thereupon reinstated the garnishment judgment nunc pro tunc as of December 10, 1963, but denominated it a "conditional judgment." The record contains no explanation for such a designation. No summons to confirm this "conditional judgment" was ever issued. Finally, on April 17, 1964, a hearing was held to determine the ultimate disposition of the case. After hearing testimony by the minute clerk in explanation of the change in the record relating to the order of December 10, 1963, the court examined copies of letters sent to garnishee disproving a newly raised and inconsistent oral contention of garnishee that it had not been put upon proper notice of plaintiff's suit. The trial judge thereupon refused to hear further testimony on that point, observed that he was "satisfied," and entered an order confirming judgment for plaintiff against garnishee for $3,560. This appeal followed.

16

The major contention here is that the trial court failed to hold a trial on the merits of garnishee's answer of "No funds." Garnishee refers to the following paragraph of the Garnishment Act to support its contention:

A judgment creditor may contest the truth or sufficiency of the garnishee's answer and the court shall immediately, unless for good cause the hearing is postponed, proceed to try the issues. The answer of the garnishee shall be considered denied without further pleading.

Ill Rev Stats (1963), c 62, § 43a.

■■ Plaintiff and garnishee are not in accord in their views of what constitutes the merits to be decided in the instant garnishment contest. It is plaintiff's theory that the merits of the garnishment proceeding are necessarily limited to the issue raised by garnishee's answer of "No funds" as supported by its answers to interrogatories and Notice to Admit to the effect that no policy existed. With this we agree, and find that garnishee's stated defense was amply rebutted by plaintiff. Garnishee, however, now admits that the position it then took under oath is untenable, but argues that it was never given an opportunity to prove its nonliability on the ground that defendant, Goins, violated the terms of the insurance policy (now admitted to exist) by not making prompt delivery to the insurance company of the original summons (now admitted to have been served on Goins). Advancement of this theory on appeal by garnishee places it in the rare situation of completely renouncing the position taken by it in the pleadings which it never even sought to amend. This is not permissible. Rudolph v. O. D. Jennings & Co., 38 Ill App2d 92, 99, 186 NE 2d 80; Bergmann v. Multi-State Inter-Insurance Exchange, 39 Ill App2d 468, 474, 189 NE2d 49; Kioutas v. City of Chicago, 59 Ill App2d 441, 446–447, 208 NE2d 587;

Creeco v. Northern Illinois Gas Co., 73 Ill App2d 218, 224, 219 NE2d 257; Ill Rev Stats (1965), c 110, § 43(4).

■ On the state of the record, the outcome of the garnishment contest held on December 10, 1963, could not have resulted in a conditional judgment but only in a final judgment for plaintiff against garnishee. Therefore, reinstatement of the judgment of December 10, 1963, renewed a final judgment for plaintiff, and the trial court's order of March 23, 1964, was erroneous in attempting, by use of the word "conditional," to impart to it the character of a conditional judgment. This follows from a reading of the language of the Garnishment Act relating to conditional judgments:

> When any person summoned as garnishee fails to appear and answer as required by this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, returnable in the same manner as provided in section 4 hereof, commanding the garnishee to show cause why said judgment should not be made final. . . . If the garnishee shall appear and answer, the same proceedings may be had as in other cases. Ill Rev Stats (1963), c 62, § 37(a).

■ Conditional judgments are thus clearly limited to situations where garnishee is in default for failure to appear and answer. A similar section of the prior act set forth in the disjunctive the appearance of the garnishee and his making of discovery as bases for entry of a conditional judgment. In Chicago Catholic Workers' Credit Union v. Rosenberg, 346 Ill App 153, 104 NE2d 568, it was held that appearance without discovery was insufficient for a final judgment, and

18

this interpretation was carried into the new act by the express use of the words, "appear and answer."

Since garnishee in the instant case had both appeared and answered, the judgment order of December 10, 1963, could not properly be viewed as conditional. In this circumstance, the trial judge was without authority on March 23, 1964, to reinstate the earlier final judgment as a conditional judgment. While, as indicated, we also think that the judgment of December 10, 1963, should not have been removed from the face of the record merely because of the pendency of Goins' motion to vacate the original judgment, the reinstatement of the December 10 judgment renders unnecessary any further discussion of this point.

■ The answer filed by the garnishee defendant here was the kind of pleading contemplated by the Garnishment Act. The issue raised in garnishee's answer (the existence of insurance covering Goins) was before the court on December 10, 1963, and the failure of garnishee to attend on time at that hearing cannot now work to its advantage and permit alteration of the pleaded issue. We are satisfied that the evidence introduced by plaintiff at that hearing was sufficient to meet the issue as raised and to support the judgment against garnishee. Compare Zimek v. Illinois Nat. Cas. Co., 370 Ill 572, 19 NE2d 620, in which the insurer denied liability under the terms of the policy of insurance, whereas in the instant case garnishee does not plead violation of or noncompliance with any term in the policy, but, rather, denies altogether the existence of any policy of insurance. This issue having been fully litigated prior to entry of final judgment, garnishee now seeks to admit the policy and rely on a supposed defense under the terms thereof. This comes too late. It would seem unreasonable and unnecessary to impose upon the judgment creditor the burden of relitigating

any phase of the question of the garnishee's indebtedness to her when such indebtedness was specifically asserted in her Affidavit for Garnishment. Garnishee had been at liberty to raise any and all defenses against the claim, even in the alternative, at the time of filing its answer.

■ Finally, garnishee contends that the failure to issue and serve a scire facias or summons to confirm the "conditional judgment" renders the final judgment void. This point, too, is without merit. Not only is this true because of the fact that we hold the judgment not to have been conditional, but also because, as stated in Wabash R. Co. v. Hornbuckle, 131 Ill App 357, 360:

> The object of scire facias against a garnishee, is to bring the garnishee into court, that he or it, as the case may be, may make discovery and be examined as to the personal estate, moneys, etc., of the judgment debtor in his or its possession. If, however, the garnishee without service of the scire facias answers, he is in court, and the object of the scire facias is satisfied.

The judgment against garnishee is affirmed.

■ Counsel for garnishee also filed on behalf of Goins a notice of appeal from the original judgment against him. No further steps were taken in that regard, however. On the basis of the foregoing, that judgment, too, is affirmed.

The history of this litigation is of no credit to either garnishee or its counsel. Matters essential to plaintiff's case were repeatedly denied under oath, only to be admitted later at the hearings in somewhat cavalier fashion. The verified statements of garnishee and its counsel that no insurance policy covering Goins was in existence (even though the policy number had been furnished by plaintiff in her Notice to Admit), and defendant's verified statement, submitted by garnishee's

counsel, that summons had not been served on him (despite his previous deposition testimony that he had received the summons and forwarded it to garnishee) still stand of record unamended and not withdrawn, although garnishee's counsel in open court conceded, in effect, that they did not speak the truth.

On the basis of the foregoing, plaintiff has made a request to this court that she be reimbursed for expenses and attorney's fees under the provisions of section 41 of the Civil Practice Act which reads as follows:

> *Untrue statements.* Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial. Ill Rev Stats (1963), c 110, § 41.

We believe that there is enough in this record to warrant a hearing by the trial judge as to whether the untrue allegations and denials had been made "without reasonable cause and not in good faith" within the meaning of section 41, providing that plaintiff's application for such a hearing does not come too late. We think that it does not, despite the fact that the request was not made to the trial court.

██ Section 41 establishes no specific limit within which application for relief thereunder must be made. This court, in Eugene Matanky & Associates, Inc. v. Onixt, 74 Ill App2d 53, 55, 219 NE2d 865, held that the motion to recover expenses authorized by section 41 must be filed within thirty days after judgment. Accepting that decision as a reasonable and appropriate solution to the problem of time left open by the statute, and considering the circumstances of this case, we

believe that plaintiff's request was timely. Her opportunity for filing such a motion within thirty days in the trial court was cut short when defendant and garnishee filed their notice of appeal five days after entry of the order appealed from. With the filing of the notice of appeal, the jurisdiction of this court attached and the case has then proceeded here as a continuation of the trial court action. Ill Rev Stats (1963), c 110, § 76 (2) ; Butler v. Palm, 36 Ill App2d 351, 366, 184 NE2d 633. There has been no delay attributable to plaintiff; defendant and garnishee have not been prejudiced, and, upon remand, the trial court will still be in a position to exercise its jurisdiction which was interrupted by this appeal.

This cause is therefore remanded for the holding of a hearing pursuant to Section 41, and whatever amount, if any, for expenses and attorney's fees which may be found additionally due to plaintiff, may be taxed as costs, without opening up or disturbing the judgments themselves.

Affirmed and remanded with directions.

DRUCKER and McCORMICK, JJ., concur.