Ford Hopkins Company, a Delaware Corporation, Plaintiff, v. Milton D. Faber, Maurice Norman, Norman Drug Co., Inc., an Illinois Corporation, Chicago and Northwestern Railway Company, a Wisconsin Corporation, and I. Robert Ballin, Defendants.
Milton D. Faber, Maurice Norman, Norman Drug Co., Inc., an Illinois Corporation, and North Western Retail Shops, Inc., an Illinois Corporation, Petitioners-Appellants, v. Ford Hopkins Company, a Delaware Corporation, and Walter F. Osborn, Respondents-Appellees.

Gen. No. 53,139.

First District.

February 20, 1970.

Russell J. Topper, of Chicago, for appellants.

Jay Erens and Edward A. Gorenstein, of Chicago, for appellees.

TRAPP, J.

Plaintiff's complaint for breach of a covenant in a contract was dismissed at the close of plaintiff's case by a decree of March 7, 1967. Defendants' petition pursuant to section 41 of the Civil Practice Act for assessment of costs and attorneys' fees, thereafter filed on May 5th, 1967, was dismissed on February 20, 1968. Defendants appeal the order dismissing such petition.

Defendants' motion for judgment at the close of plaintiff's proof included a motion that the Master in Chancery find that costs and fees should be taxed under section 41, but the report made no such recommendation.

Defendants objected to the Master's report, inter alia, that the Master should have but failed to find that the utter incredibility and total impeachment of plaintiff's witnesses obliged a finding that no credible evidence connected certain defendants with any pertinent conversation with the owner of the premises with regard to the alleged breach. No specific objection was

made to the failure to recommend taxation of costs and attorneys' fees. The Circuit Court overruled the objections to the Master's report and entered a final decree dismissing the suit.

On May 10, 1967, the Circuit Court allowed defendants to file nunc pro tunc as of May 5, 1967, a petition for assessment of costs and attorneys' fees and for issuance of a rule to show cause against plaintiff, Ford Hopkins, and Walter P. Osborn, why they should not be held in contempt. Osborn was not a party to the suit. On June 6, 1967, the Court denied plaintiff's motion to strike and dismiss defendants' petition to tax costs and ordered plaintiff to respond. On June 22, 1967, the Court denied a petition by plaintiff to expunge the order of June 6th.

On plaintiff's previous appeal to this Court, defendants contended that the order to answer the petition was not an appealable order. This Court allowed the motion to dismiss the appeal. Plaintiff's petition for leave to appeal to the Supreme Court of Illinois was denied, and a petition by plaintiff to the Supreme Court of Illinois for leave to file an original writ of mandamus to vacate the trial court order was denied.

Defendants contend that the mandate of this Court on the previous appeal and the mandate of the Supreme Court on the two efforts to obtain a review by that Court constitute the law of the case and require the trial court to proceed to a hearing on the merits of the section 41 petition.

The issue presented to this Court on plaintiff's previous appeal was formed by defendants' motion to dismiss for lack of an appealable order, and the allowance of said motion did not touch the merits of the case. It follows that denial of leave to appeal to the Supreme Court of Illinois and the denial of leave to file a petition for an original writ of mandamus did not determine the issue here raised.

On February 20, 1968, subsequently to the trial court's orders and the dismissal of plaintiff's appeal, the plaintiff filed a new motion to dismiss defendants' petition, and for the first time raised the issue of the trial court's jurisdiction to consider such petition under the rule announced in Eugene Matanky and Associates, Inc. v. Onixt, 74 Ill App2d 53, 219 NE2d 865. In such opinion there was reversal of the order by the trial court allowing the filing of a petition under section 41, fifteen days after the expiration of thirty days from the entry of the decree. The principle announced is that a petition for costs and fees under section 41 should be filed at trial or no later than thirty days after the judgment. Such principle is supported by People ex rel. Madison Chemical Corp. v. Gurrie, 52 Ill App2d 360, 202 NE2d 123; Boss v. Coe Inv. Co., 45 Ill App2d 417, 195 NE2d 735, and Brooks v. Goins, 81 Ill App2d 12, 225 NE2d 707 at 712. In Brooks v. Goins the demand for costs and fees was first made in the Appellate Court An exception was recognized because the petitioners' thirty days was cut short by the opposing party's notice of appeal given five days after the judgment. In that case also the court said that once jurisdiction was obtained, the court could consider costs subsequently occurring.

While it is true that section 41 fixes no time other than "at trial," it is clear that all other matters in reference to a judgment must be challenged in thirty days after its entry. It would seem appropriate to follow the thirty day rule in the matter of costs and fees to be assessed as a result of the trial.

Contrary to their position on the motion to dismiss plaintiff's previous appeal, defendants now argue that In re Estate of Oelerich, 31 Ill App2d 457, 176 NE2d 549, made the first order on plaintiff to answer the petition an appealable order, and that therefore the dis-

missal of that appeal here was an affirmance of the order to answer. While it is true that the order denying the jurisdictional motion to dismiss in Oelerich was not a final disposition of the cause, at least in that case, undisputed allegations of nonresidence in the motion to dismiss made lack of jurisdiction to try the issue of incompetency abundantly apparent to the extent that proceeding with the cause would have been a futile exercise of jurisdiction.

In the present case that one issue presented to this court on the first appeal was whether the order to answer a petition was an interlocutory order and we dismissed the appeal on that basis without reaching the merits. Therefore, we cannot accept the contention that the dismissal of the appeal constituted the law of the case.

It is further argued by defendants that since they did move the Master to tax costs including attorneys' fees in its original motion to dismiss at the close of plaintiff's case, the issue simply remained undisposed of. We do not agree. It was previously noted that defendants' objections to the Master's report contended that he should have found that there was no credible evidence to support certain of plaintiff's claims, but no specific objection was made to his failure to recommend taxation of costs including attorneys' fees. It does not appear that such taxation in issue was actually before the trial court at the time exceptions to the Master's report were heard. Neither was it raised thereafter while the trial court retained jurisdiction of its decree.

We adhere to the rule of this Court in Eugene Matanky and Associates v. Onixt, 74 Ill App2d 53, 219 NE2d 865, that a section 41 petition must be filed at trial, or within thirty days of the entry of the judgment, unless the trial court's jurisdiction is lost before

147

the thirty days as in Brooks v. Goins, 81 Ill2d 12, 225 NE2d 707.

The judgment of the trial court dismissing the petition is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.