Howard Kostbade, Plaintiff-Appellant, *v.* William C. Telford, Defendant-Appellee.

(No. 11960;

Fourth District—September 10, 1973.

Michael I. Campbell and Jon D. Robinson, of Hull, Armstrong & Campbell, of Decatur, for appellant.

Richard R. Grummon, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Pursuant to the provisions of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 41), the court entered an order assessing costs and attorney's fees against the plaintiff, and in favor of the defendant, in the sum of $2556.58. Plaintiff appeals.

Section 41 of the Civil Practice Act authorizes the taxing of reasonable attorney's fees upon a finding of:

"Allegations * * * made without reasonable cause and not in good faith and found to be untrue * * *."

The complaint filed on March 24 was prepared for plaintiff by a man who had the status of secretary or accountant for plaintiff. The latter signed it, but in the following May could not recall that he had read such complaint. No summons was requested or served. Defendant, who

was then campaigning for political office at an election to be held in April, entered his appearance, answered with denial of the allegations and demanded an immediate hearing. Plaintiff, who then had secured legal counsel, moved to strike the answer of defendant. The latter then procured leave to withdraw his answer and filed a motion to dismiss the complaint. Such complaint was dismissed. After plaintiff's deposition in discovery was given, plaintiff filed an amended complaint which alleged that plaintiff, in reliance on telephone representations of defendant, purchased an interest in an oil well by sending a check to one Gentile and that he thereafter issued a further check to Gentile for costs of completion and that plaintiff endeavored to contact defendant for purposes of an accounting, but that defendant failed or refused to make any accounting. Plaintiff's discovery deposition given prior to such amended complaint disclosed that plaintiff had refused to purchase such oil interest from defendant, but, in fact, sent a check for such interest following the telephone advice of a friend and sometime business associate who had purchased an interest in the oil well. Plaintiff had, in fact, sent the checks payable to Gentile to the business associate, and the second or subsequent check for costs of completion was also sent to such associate. So far as the record shows, defendant was not advised of such check. Documentary evidence shows that plaintiff promptly received a receipt and agreement concerning his interest which shows Gentile to be the operator of the well. Plaintiff admitted receiving a check in refund of expenses from Gentile prior to commencing the action. As to the demands made for an accounting, it appears that plaintiff had telephoned the office of defendant on unspecified occasions but that defendant was absent. No messages were left and no letters were sent by plaintiff.

The record discloses that plaintiff received an accounting when he made a request of Gentile following the dismissal of the original and first amended complaint. He thereafter suggested the dismissal of the action against defendant for mootness.

■■ Defendant's motion to assess costs and fees was filed within 30 days of the order of dismissal and was timely made. *Ford Hopkins Co. v. Faber,* 121 Ill.App.2d 143, 257 N.E.2d 227; *Eugene Matanky & Associates v. Onixt,* 74 Ill.App.2d 53, 219 N.E.2d 865.

Plaintiff urges that *Fred Nemerovski & Co. v. Barbara,* 106 Ill.App.2d 466, 246 N.E.2d 124, controls and that since the cause was dismissed upon motion it was improper to tax costs and fees since the motion admitted facts well pleaded. We note that the validity of *Barbara* has been questioned. (S.H.A. Supp. 1973-1974, ch. 110, par. 41, Supplement to Practice Notes.) *Barbara* is further distinguishable in that the order dismissing

the complaint was reversed upon appeal, and as an incident thereto the cross-appeal from the denial of the attorney's fees was rejected.

■■■ This record shows that plaintiff signed a complaint drafted by an office employe either without knowledge of or without regard to the nature of the allegations therein. As stated in plaintiff's deposition:

"[I] merely wanted an accounting from anybody."

His own files showed that he was advised that Gentile was the operator of the well, and that at the time of the deposition he had made no effort to obtain information from Gentile. The amended complaint differs from the first only in the omission of an allegation that plaintiff sent his first check promptly to defendant. The amended complaint was filed after knowledge of defendant's denial by the answer, and after plaintiff's own deposition disclosing reliance upon plaintiff's own associate in making the investments, and the facts as to the so-called "endeavors" to demand an accounting. Defendant cited *Perlis v. Exchange Nat. Bank of Chicago*, 87 Ill.App.2d 369, 231 N.E.2d 681, for the proposition that fees cannot be taxed when the complaint has been amended. In that case it was not claimed that the allegations in the complaint were untrue or that the party knew that they were untrue. In this amended complaint the allegations were renewed. The record discloses bad faith on the part of the pleader in that bad faith includes making statements known to be untrue. (*Grandys v. Spring Soft Water Conditioning Co.*, 101 Ill.App.2d 225, 242 N.E.2d 454.) The record is clear that all of defendant's expenses and fees were incurred as the result of plaintiff's pleading in disregard of facts known to him. The court taxed the fees after hearing evidence of services performed and their value. We have examined the record at length and find no abuse of discretion in the order below.

The judgment is affirmed.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.