CENTER BANK—GLEN ELLYN, Plaintiff-Appellee, v. HAROLD A. KAUTH, et al., Defendants-Appellants.

Second District   No. 2—85—0024

Opinion filed April 1, 1986.

Arnim Johnson, Jr., and Aldus S. Mitchell, both of Mitchell & Black, P.C., of Chicago, for appellants.

Bonnie M. Wheaton, of Wylie, Wheaton & Associates, P.C., of Wheaton, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendants, Harold Kauth and Jack L. Hays, individually and d/b/a/ Environments II, a division of Creative Environments, appeal from an order of the circuit court of Du Page County which denied their petition to recover attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) against plaintiff, Center Bank—Glen Ellyn. Defendants maintain on appeal that they were entitled to an award of fees in view of the trial court's finding of facts, that their petition was timely filed and that plaintiff, by filing an answer to the petition, waived any objection to its timeliness. Because we decide that the petition was erroneously stricken as untimely, we reverse.

September 29, 1982, plaintiff filed a complaint against defendants seeking judgment of $19,223.36, an amount representing the principal and accrued interest due on two notes. Plaintiff also filed a petition for writ of attachment (Ill. Rev. Stat. 1983, ch. 110, par. 4—101), alleging a security interest in the entirety of defendants' business assets. According to the petition, "The Plaintiff is informed and believes that Defendant HAROLD A. KAUTH has fled this jurisdiction and his present whereabouts are unknown." Attached to the petition and incorporated by reference therein was an affidavit executed by Janice D. Kellenberger, plaintiff's vice-president. In her affidavit, Kellen-

berger stated that she had good reason to believe that defendants were about to fraudulently conceal, assign or otherwise dispose of the assets of their business. She also stated that defendants' business premises were not secure and were in danger of vandalism and burglary, and that Harold A. Kauth was a fugitive whose whereabouts were unknown. On September 30, 1982, the court issued an *ex parte* order of attachment, directly the sheriff to attach certain of defendants' property with a value sufficient to satisfy the alleged indebtedness.

Defendants subsequently filed an appearance and various pleadings, including a motion to quash the order of attachment. That motion and an amended motion were denied, and the parties filed cross motions for summary judgment. Defendants' motion was denied, and summary judgment was awarded in favor of plaintiff on the complaint and against defendants in the amount of $21,653.72.

On January 3, 1984, the trial court issued a letter of opinion in which, upon consideration of the petition for writ of attachment, the supporting affidavit by Janice Kellenberger and Kellenberger's discovery deposition, it found "that the affidavit lacks the essential averments on the personal knowledge of the affiant in support of the petition for Writ of Attachment." The court thus determined that the writ should be quashed, and an order to that effect was entered on January 23, 1984. On March 5, 1984, 41 days after the writ of attachment was quashed, defendant filed with leave of court a petition for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), the amount of fees requested totaling $44,927.00. Plaintiff answered, denying liability, and subsequently filed its own petition for the attorney's fees arising from its action to collect on the notes. Plaintiff also moved to strike the section 2—611 petition as having been filed more than 30 days after judgment. On June 12, 1984, the trial court found that the petition was not timely filed and ordered it stricken. Defendant Kauth appealed to this court, which appeal was dismissed upon plaintiff's motion, for lack of a final order. Final judgment was entered on December 19, 1984, in an order which awarded plaintiff $3,000 in attorney fees. Defendant Kauth has again appealed the order of striking his section 2—611 petition.

For purposes of analysis, we reach the issues in this case in the inverse order assigned by defendants. We consider first, therefore, the question of whether defendants' section 2—611 petition was properly stricken as untimely. The statute provides that allegations and denials, made without reasonable cause and found to be untrue, shall

subject the pleader to the payment of reasonable expenses and attorney fees, "to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) Plaintiff maintains that this 30-day period began to run on January 23, 1984, the date on which the trial court entered its order disposing of the attachment issues. Defendants counter that the term "judgment" as employed in section 2—611 refers to judgments which are final and appealable. Thus, defendants state, since the January 23 order failed to dispose of all pending issues and did not contain the special finding provided for by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), it was not a judgment within the contemplation of section 2—611.

■ Section 2—611 of the Code of Civil Procedure is the successor statute to section 41 of the former Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). Prior to 1976, the statute provided that the penalties assessed pursuant to this section should be summarily taxed by the court at trial, but this language was construed judicially to allow the motion to be filed within 30 days of the judgment or dismissal. (*Brooks v. Goins* (1967), 81 Ill. App. 2d 12, 225 N.E.2d 707; *Eugene Matanky & Associates, Inc. v. Onixt* (1966), 74 Ill. App. 2d 53, 219 N.E.2d 865.) Moreover, the court was authorized to entertain a motion for fees filed beyond the 30-day limitation when the court retained jurisdiction of the cause pursuant to a pending post-trial motion (*Sarelas v. Law Bulletin Publishing Co.* (1969), 115 Ill. App. 2d 205, 226-28, 253 N.E.2d 168, 178-79), or where jurisdiction for further proceedings was retained by the court (see *Eugene Matanky & Associates, Inc. v. Onixt* (1966) 74 Ill. App. 2d 53, 219 N.E.2d 865; *People ex rel. Madison Chemical Corp. v. Gurrie* (1964), 52 Ill. App. 2d 36ᶜ, 202 N.E.2d 123). The provision in the 1976 amendment of a 30-day period was not intended to change the ruling in *Sarelas.* (*In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 449-50, 383 N.E.2d 1224, 1234.) Rather, the amendment had the effect of codifying existing practice. (Ill. Ann. Stat., ch. 110, par. 2—611, Historical and Practice Notes, at 266 (Smith-Hurd 1983).) The court in *Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 635, 432 N.E.2d 1209, 1212-1213, reaching a contrary conclusion, reasoning that a legislative amendment was intended to change existing practice. However, we find no inconsistency between that practice, which required petitions to be filed within 30 days of final judgment, and the 1976 amendment. We therefore do not follow the holding in *Szymkowski.* Accordingly, we decide that defendants' petition for costs and fees, having been filed while the circuit court retained jurisdiction over the

cause, was improperly stricken as untimely. We therefore reverse the order granting plaintiff's motion to strike.

This conclusion renders unnecessary consideration of defendants' contention that plaintiff waived any objection to the timeliness of the section 2—611 petition by filing an answer to the petition on its merits.

■ In remanding this case for a hearing on the petition, we expressly decline defendants' invitation to hold that they were entitled to judgment as a matter of law in view of the trial court's finding that the affidavit submitted by plaintiff in support of the writ of attachment lacked the essential averment of the personal knowledge of the affiant. Resolution of this question at this level would be inappropriate where the trial court struck the section 2—611 petition as untimely without deciding whether the allegations of which defendants complain were untrue or were advanced without reasonable cause. Resolution of these questions is a matter largely conferred to the discretion of the trial court (*In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 480 N.E.2d 1283; *People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 471 N.E.2d 654), and we may not resolve those questions in the instant case for the first time at this level.

The judgment of the circuit court of Du Page County is reversed and the cause is remanded for a hearing on defendants' section 2—611 petition.

Reversed and remanded.

HOPF and STROUSE, JJ., concur.