197     137
e210     81

THE PEOPLE *ex rel.* Charles S. Deneen, State's Attorney,

*v.*

FERDINAND S. HAHN.

*Opinion filed June 19, 1902.*

ATTORNEYS AT LAW—*when attorney is subject to disbarment.* One who obtains a license to practice law in this State upon a license from a foreign State which he knows or is bound to know has long been revoked, and who presents in support thereof a certificate of good moral character, obtained from the circuit court by fraud, upon a spurious affidavit sworn to before himself under a fictitious name, as notary public, is guilty of conduct which renders him subject to disbarment, particularly where his conduct after his admission in this State has been unworthy of a member of the profession.

INFORMATION for disbarment.

WILLIAM C. GILBERT, (JOSEPH W. MOSES, of counsel,) for relator.

F. S. HAHN, *pro se.*

Mr. JUSTICE HAND delivered the opinion of the court:

This is an information filed in this court by Charles S. Deneen, State's attorney for Cook county, in behalf of the People, upon the relation of the grievance committee of the Chicago Bar Association, against Ferdinand

S. Hahn, an attorney and counselor at law, licensed as
such under the rules of this court and the statutes of
this State, and who is engaged in practicing law in Cook
county, praying that the license of said Hahn be revoked
and his name stricken from the roll of attorneys and
counselors of this court, and that he be prohibited from
exercising the office of attorney and counselor at law in
the State of Illinois.   A rule to show cause having been
entered against him, he filed a sworn answer denying
the charges contained in the information, whereupon the
case was referred to a commissioner to take and report
to the court the evidence of the respective parties, which
has been done in compliance with such order.

The allegations in the information may be classified
under two heads:   (1) That Hahn obtained his license
from this court fraudulently, deceitfully and corruptly;
(2) that since the admission of Hahn to the bar he has
been guilty of malconduct as an attorney.

It clearly appears from the pleadings and proofs that
Ferdinand S. Hahn was duly licensed as an attorney and
counselor at law in the State of New York on the 8th
day of June, 1875, and that he practiced his profession
in that State for a number of years; that there was in-
stituted against him on the 3d day of February, 1880, in
the First Department of the Supreme Court of the State
of New York in and for the county of New York, pro-
ceedings for his disbarment as an attorney and counselor
at law, and that on the 6th day of February, 1880, he
was ruled to show cause on the first Monday of March,
1880, why his name should not be stricken from the roll
of attorneys and counselors of the several courts of the
State of New York and he be deprived of the office of
attorney and counselor; that on the 9th day of February,
1880, he was personally served with a copy of said rule;
that he appeared in person and by attorney in said pro-
ceeding, and that on the 22d day of December, 1882, by
the order and judgment of said Supreme Court of the

State of New York he was found guilty of professional misconduct and immoral practices, and it was ordered that his name be stricken from the roll of attorneys and counselors of said court, and he was removed from the office of attorney and counselor and prohibited from practicing as an attorney and counselor before any of the several courts of the State of New York; that he afterwards moved to this State, and that at the February term, 1891, of the criminal court of Cook county he was indicted by and under the name of John Horner, *alias* John Brown, for a felony, and that thereafter he was tried in said criminal court for said alleged offense, and was on March 23, 1891, found guilty of feloniously and fraudulently passing, uttering and publishing as true and genuine a certain false and fictitious check for the payment of money, and sentenced to the penitentiary at Joliet for one year, which term he served, less one month allowed him for good behavior while in the penitentiary; that on the 28th day of June, 1895, he made application to be appointed a notary public in and for the county of Cook under the name of Frank Horn, and presented a petition signed by fifty legal voters of the city of Chicago asking for the appointment of Frank Horn as notary public; that under the name of Frank Horn he signed and filed with said petition a notary's bond purporting to be signed by Frank Horn as principal and one John W. Conroy as surety, and also signed and presented what purported to be the official oath of Frank Horn as notary public; that on the 26th day of June, 1895, by virtue of said petition, bond and oath, he procured to be issued to him by the Governor of the State of Illinois a commission as notary public under the name of Frank Horn; that he afterwards filed said commission, as required by law, in the office of the county clerk of Cook county; that on the 19th day of March, 1896, upon the motion of one Frank P. McWinnie, he procured from the circuit court of Cook county a certificate of good moral character to

be used in this court upon an application for his admission to the bar; that on the 7th day of May, 1896, he applied to this court to be licensed as an attorney and counselor at law; that in support of such application he filed in the office of the clerk of this court in and for the Southern Division a certified copy of the license granted to him by the Supreme Court of New York, the certificate of good moral character obtained by him from the circuit court of Cook county, and his own affidavit, purporting to be sworn to before Frank Horn, notary public, in which he stated he was a citizen of the United States, a resident of the State of Illinois above the age of twenty-one years; that on the 8th day of June, 1875, he was duly licensed to practice law by the Supreme Court of the State of New York, and that said license permitted him to practice in all courts of said State, and that he had practiced law under said license for a period of two years, whereupon a license was granted to him as an attorney and counselor at law by this court; that said certificate of good moral character was obtained from the circuit court of Cook county and said license as an attorney and counselor at law was obtained from this court by him without disclosing to the circuit court or to this court that he had been disbarred from practicing in the State of New York or that he had been convicted of a felony and confined in the penitentiary of this State, and that the affidavit filed in this court was fraudulent and fictitious in this, that the oath thereto purported to have been administered to him by Frank Horn, notary public, when no such person as Frank Horn was in existence; that after he was admitted to practice law he represented and pretended to the general public and to the members of the legal profession in the city of Chicago that he had formed a co-partnership for the practice of law in said city under the firm name of Hahn & Horn, and that the name of his partner was Frank Horn, and that said Horn was duly licensed and authorized to prac-

tice law in any and all the courts of record in the State of Illinois; that he caused stationery and cards to be printed bearing the alleged firm name of Hahn & Horn; that he rented an office in the city of Chicago under the alleged firm name of Hahn & Horn, and caused said firm name to be published and prominently painted upon the entrance door of said office; that he afterwards appeared in the various courts of record in Cook county and in the Appellate Court for the First District under the name of Hahn & Horn; that on or about the first day of January, 1898, he changed the name of said firm to Hahn, Horn & Dockery, and thereafter pretended and held out to the general public and to the members of the legal profession that the alleged firm of Hahn, Horn & Dockery consisted of himself, Frank Horn and William F. Dockery, and that his said partners were duly licensed and authorized to practice law in the State of Illinois, and thereafter, and up to about the first day of January, 1899, he continued to practice under said alleged firm name of Hahn, Horn & Dockery, and appeared in the various courts of record of Cook county and in the Appellate Court for the First District under the firm name of Hahn, Horn & Dockery, when no such person as Frank Horn was in existence, and William F. Dockery, if he had an existence, was not licensed to practice law in the courts of the State of Illinois; that from the 7th day of May, 1896, to the first day of January, 1899, he continued to use and employ the said name of Frank Horn, and the commission issued in said name, and to act as a notary public under said name in and for Cook county in the taking of affidavits to be used by him in the various cases in which he or said alleged firm of Hahn & Horn, or said Hahn, Horn & Dockery, appeared as counsel in the courts of record of Cook county and the Appellate Court for the First District.

We are of the opinion that the charges made in the information in this case against the respondent are fully

sustained by the proof. He was admitted to practice in this State upon a foreign license which had long prior to his application for admission been revoked by the court which granted the same. It was therefore of no force and effect. Had this court been informed that the respondent had been disbarred in the State of New York, it is too plain for argument that he would not have been admitted, upon such license, to practice in this State, and he having concealed such fact from this court and thereby practiced a fraud upon this court, the court will not allow him to profit by such fraud. The pretense upon his part that he did not know the result of the final disposition of the disbarment proceedings in the State of New York is without force. The record in that proceeding shows he was personally served and that he appeared in person and by attorney. It was his duty to follow up said proceeding to its final conclusion. If he failed to do so he cannot now be heard to urge his own negligence as an excuse for his misconduct in this court. We think it clear, however, that he did know of the final determination of said disbarment proceeding, and that he deliberately and willfully imposed upon this court by presenting to the court, as being in full force and effect, a license authorizing him to practice law in all the courts of the State of New York which he knew had been revoked and annulled and which was not in force. He practiced a further fraud upon this court by presenting to it, in support of his application for admission, a certificate of good moral character which he had obtained in the circuit court of Cook county by fraudulently concealing from that court the fact that he had been disbarred in the State of New York and that he had been convicted of a felony and incarcerated in the penitentiary of this State; also by presenting to this court a spurious and fictitious affidavit sworn to before himself, as a notary public, under the name of Frank Horn, showing that the license which he presented with his application

for admission permitted him to practice law in all the courts of the State of New York, when he knew such license had not been in force for more than thirteen years. His conduct since his admission to the bar in this State has been most reprehensible. He seems to have lived a sort of dual professional life. To some persons he was known as Hahn and to others as Horn. In order to conceal his identity and cover up his past record he went under the name of Hahn or Horn, as might suit his convenience best. In his practice in the courts he signed affidavits made upon behalf of his clients as Hahn, and swore to them before himself, as notary public, under the name of Frank Horn. Such conduct was unworthy of a member of the legal profession and merits the strongest condemnation of the court.

In the oral argument made in this court by the respondent in his own behalf he contended that his professional conduct had been blameless since his admission to the bar of this State; that he is a victim of circumstances; that this prosecution is malicious and that his past offenses should be condoned. We are not impressed with the suggestion that the respondent has reformed or abandoned his evil practices. The difficulties in which he has been involved have been brought upon him, we think, mainly by his own wrongs, and we find nothing in this record which savors of persecution. What has been done by the officers of the State and the bar association in this case appears to have been carried on with the utmost fairness, and solely with a view to rid the profession of an unworthy member and purge the record of the fraud perpetrated by the respondent upon this court.

The rule will therefore be made absolute, and an order will be entered striking the name of the respondent, Ferdinand S. Hahn, from the roll of attorneys of this court.