THE PEOPLE *ex rel.* Charles S. Deneen

*v.*

JULIUS A. COLEMAN.

*Announced orally June 17, 1904.*

ATTORNEYS AT LAW—*what not ground for making rule absolute on information for disbarment.* An admission of former conviction of crime in an answer to an information for disbarment is not ground for making the rule absolute, where the answer also avers pardon of the respondent, an upright life from the time of conviction to the time of admission,—thirteen years,—there being no attempt to conceal the conviction from the court upon application for admission.

INFORMATION for disbarment; motion to make rule absolute upon the answer.

JOHN L. FOGEL, for relator.

CHARLES C. GILBERT, (J. A. COLEMAN, *pro se,*) for respondent.

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

A motion is made in this case by the relator to make the rule to show cause why the respondent should not be disbarred, absolute. The motion is based upon the answer of the respondent to the information. The particular portion of the information to which this motion applies, charges that the respondent was indicted in the State of Indiana, in 1881, for a conspiracy to obtain money from insurance companies, and that he was convicted of that charge and served his sentence. The respondent answers the charge and admits that he was indicted and was convicted, and states that he was afterwards pardoned without having served his term; that from that time to the time of his admission to the bar in this State, which occurred in 1894, he had properly conducted himself, and that for eight years of that time just preceding his application for admission to the bar of this State he resided in this State; that when he made his application for admission the necessary certificate of good moral character was obtained in the courts of this State, upon the recommendation of an attorney in good standing who had known him from his infancy and who was thoroughly conversant with the history of this indictment and of the conviction on the charge of conspiracy. There are other matters in palliation of the charge as stated, and it is insisted by the People and relator that upon this admission in the answer the respondent ought to be disbarred without further hearing.

We are not disposed to adopt that view in this case. Thirteen years had elapsed between the time of the conviction and the time of the application for admission to this bar, and to hold, as an abstract proposition of law, that an error once made is to forever damn the man who makes it is a thing we are not disposed to do. The opportunity and the hope held out to all men to repent and

correct their ways if they have ever been wrong are the only possible incentives the law can know that can work the reformation of men who have gone wrong. We are unable to say, as a matter of law, that this man may not have repented and may not have become a good citizen, although he may have been guilty as charged in the indictment found in the Indiana court under which he was convicted.

We have had some cases, and notably the *Hahn case*, (197 Ill. 137,) that is relied upon by the relator here, in which we held that it was the duty of the applicant to have advised the court of his conviction. In that case the respondent was convicted under an assumed name shortly before his application for admission to the bar, and the records of that case show that he had never mended his way, but had persisted and continued in a course of duplicity, if not of crime. He was at least guilty of some highly irregular conduct for a man assuming the duties of a high profession.

In this case there are other charges against respondent, but they cannot be considered upon this motion. The motion here is directed solely to the charge of his former conviction, and if what the respondent says about that is true, and if it shall appear that from that time to the time of his admission to the bar he had lived a correct, upright life, it would be a severe rule to hold, as a matter of law, that we could not recognize the possibility of repentance. We cannot say that no man who has ever had a stain against his character could ever enter the legal profession. Being unable to adopt that view, the motion is denied.                    *Motion denied.*