THE PEOPLE *ex rel.* John J. Healy, State's Attorney,

*v.*

ALBERT H. PROPPER.

*Opinion filed February 21, 1906—Rehearing denied April 5, 1906.*

1. DISBARMENT—*concealment of disreputable acts before admission to the bar is a fraud upon the courts.* Failure of an applicant for admission to the bar to disclose the fact of his having recently been guilty of such crimes and disreputable conduct as would have prevented his admission to the bar is as much a fraud upon the court as crimes committed after his admission, and is ground for disbarment where he continues his unworthy conduct.

2. SAME—*what is ground for disbarment.* Proof that an attorney, shortly before his admission to the bar, had been guilty of bigamy and had made false affidavits; had been convicted of bastardy and of sending indecent literature through the mails, and, after his admission to the bar, had accepted money from clients for services which he did not perform, justifies disbarment.

INFORMATION to disbar.

W. H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, JOHN L. FOGLE, and PAUL A. NEUFFER, for relator.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a proceeding begun by the State's attorney of Cook county by filing an information against Albert H. Propper, respondent, praying that a rule be entered in this court disbarring respondent from further practicing as an attorney in this State.

The information alleges that respondent was admitted to practice by this court on April 6, 1904, and the principal allegations as charged are as follows:

*First*—That on the 22d day of January, 1901, respondent applied to the clerk of the orphans' court, in the county of Allegheny, in the State of Pennsylvania, for a license to solemnize the marriage between himself and one Marie L. Delavan, and alleging in the application, after being duly sworn, that he had not been married before and that no impediment existed to the contracting of said marriage, when, in truth and in fact, the said respondent was then the lawful husband of one Lina Stark Propper, whom he had previously married.

*Second*—That on the 16th day of February, 1903, respondent filed in the clerk's office of the circuit court of Cook county a certain bill for divorce against said Marie L. Propper, stating under oath that he was married on or about the 26th day of January, 1901, to said Marie L. Propper, (*nee* Delavan,) and they lived and cohabited together as husband and wife until she deserted him, and in the taking of testimony of said cause respondent answered, under oath, that he had not lived with her as husband and wife.

*Third*—That respondent filed in said proceedings in said court an affidavit stating that the place of residence of said defendant, Marie L. Propper, was East End, Pittsburg, Pa., when, in truth and in fact, for a long time prior thereto her residence was 308 Larimer avenue, Pittsburg, Pa., which was known to respondent, and on the trial of said cause he swore that he knew that she received said notice, when, in truth and in fact, she had never received the notice.

*Fourth*—That respondent had advertised, through an article in the *Chicago American* newspaper, that free advice would be given by respondent in regard to legal matters, and that on two occasions parties came to him for such advice and that charges were made, and that their interests were not looked after as represented by respondent that they

would be, and that one of said clients employed respondent to secure a divorce from her husband and paid him a part of the fee for said divorce, but that no suit was ever brought for said divorce.

The information further alleges that respondent is of such immoral and dissolute character as to be totally unfit and unworthy to be and remain an attorney in this honorable court. The specifications of such immoral character are, in substance, as follows: First, that the respondent committed bigamy by his marriage to said Marie L. Delavan; second, that respondent was found guilty of the crime of bastardy in the criminal court of Cook county; third, that respondent was indicted and found guilty in the United States Circuit Court for the Northern District of Illinois for sending postal cards through the mails containing certain terms and writing of an indecent, libelous, lewd and defamatory character.

Respondent filed his answer to the information, and admits that he filed a bill for divorce, and therein stated, under oath, that he was married to the defendant, Marie L. Delavan, on January 26, 1901, and that he lived with her until about the 14th of February, 1901, as her husband; admits that on the trial of said cause for divorce he answered that the marrige was a secret marriage and that he and his wife never lived together as husband and wife, but calls this a discrepancy, and says that the allegation in the bill was the usual one made in all printed forms of bills for divorce. Respondent further concedes the truthfulness of the allegations that the affidavit of non-residence in the divorce suit brought by him in the circuit court of Cook county was made and filed as alleged in the information, but denies that the address of Marie L. Propper was, or had for a long time prior thereto been, 308 Larimer avenue, Pittsburg; denies that the affidavit was falsely and fraudulently made, and denies that the answer, as alleged in the information in the divorce proceedings, was fraudulent, and alleges that the answers as given were the truth; denies that the dealings with the

clients, as alleged in the information, were any other than honorable, and denies that he was guilty of bigamy by his marriage with said Marie L. Delavan; admits the allegations in reference to the bastardy proceedings and the verdict of the jury finding him guilty, but alleges that the evidence as given was false and that he was financially unable to take an appeal from said judgment; alleges that the trial court, the United States Circuit Court, where he was found guilty by the jury for improper use of the mails, refused to pass sentence upon the verdict for the reason that said court did not believe the allegations and charges were true.

The cause was referred to a master in chancery in Chicago, where the respondent resides and has his office, to take and report the testimony. After the evidence for the relator had been taken the respondent entered upon the taking of testimony in his behalf, and employed a stenographer who took the same, but he did not transcribe or file a copy of it with the master, as the master properly required should be done. The master reported to the court the refusal of respondent to submit his evidence and asked for an order of the court in regard to the same, whereupon the court ordered that the respondent file with the master a transcript of the evidence taken in behalf of respondent and pay the master his reasonable fees, and upon the failure of the respondent to comply with the rule entered by the court the master was directed to report to this court the evidence taken in behalf of relator, and the relator was directed to prepare briefs and abstracts in order that the cause might be taken for consideration. The respondent, in disregard of the order of this court, refused to file with the master a transcript of the evidence taken in behalf of respondent or to pay the master his fees. The cause was thereupon submitted to this court upon the evidence, briefs and abstracts in behalf of relator, only.

The proofs in reference to the allegation of the first charge in the complaint show that Marie L. Delavan Prop-

per, by her next friend, Newton K. Delavan, filed suit for divorce against respondent in the court of common pleas in Allegheny county, Pennsylvania, and the decree in that case finds that at the time of the marriage between respondent and Marie L. Delavan the respondent was lawfully the husband of one Lina Stark and that said marriage between respondent and said Marie L. Delavan was void. It further appears that respondent was a party to that proceeding in the Allegheny county court, and appeared therein and filed an answer, and the respondent admits that no appeal or writ of error was ever prosecuted from that decree.

As to the second allegation, the record discloses that the bill filed by respondent in the circuit court of Cook county on the 16th day of February, 1903, alleges, among other things, that respondent was married to Marie L. Delavan on January 26, 1901, and "from then until on or about the 14th day of February, 1901, they lived and cohabited together as husband and wife," and on or about the said 14th day of February, 1901, respondent was deserted by the said Marie L. Delavan. To this bill an affidavit was attached, signed and sworn to before a notary public by the respondent, in which he stated that he had heard the bill of complaint read and knew the contents, and that the same was true of his own knowledge. On the taking of the evidence in the case before the chancellor the respondent was asked, "Did you live with her as husband and wife?" His answer was, "No, sir; it was a secret marriage; we never lived together as husband and wife." And in answer to the question of the court, "Did you live with her at all?" answered, "No, sir."

In reference to the affidavit of non-residence in the suit brought by him in Cook county, in which he stated that the address of Marie L. Delavan was East End, Pittsburg, Pa., it appears by the testimony of William F. Propper, whose name the respondent used as solicitor for the complainant in the suit brought by him in Cook county, that in the month of September, 1903, respondent asked him to file a bill for

divorce for him, and asked said attorney how to get service, and was told that it was necessary to make an affidavit of non-residence, and upon inquiry respondent was told that it would be necessary to send a notice to the defendant's last place of residence; that he asked what would be the effect if she did not get the notice, and was informed by said attorney that there would be clear sailing,—that she would not have a chance to fight unless she received the notice; that the respondent answered that that was what he wanted, and accordingly made the affidavit. It appears from the evidence that Marie L. Delavan lived with her parents at 308 Larimer avenue, and that several postal cards introduced in evidence, in respondent's handwriting, bore the address as 308 Larimer avenue, which were signed and mailed by respondent just prior to the filing of the affidavit.

The evidence as to the next charge shows that respondent received money from Della Baker for bringing a divorce proceeding, and that Mrs. Baker saw respondent at different times, and paid him different sums of money, aggregating $46, which respondent stated were court costs, and that she was unable to get him to bring the suit as agreed upon until she should pay him $62.50. William Turney, a brother of Mrs. Baker, corroborated her in respect to conversations had in which respondent said that $62.50, which was charged, was for costs of court merely. The evidence discloses that the fee for filing a case in the courts of Cook county is only $10, and that the total costs of an ordinary case could not exceed $20.

Respondent admits the truth of the charge of his conviction of bastardy aforesaid, and also admits that he was indicted and convicted in the United States District Court of Illinois for sending indecent, libelous, lewd and defamatory postal cards through the United States mail, but he simply alleges that the trial court did not enter judgment on the finding of the jury, for the reason, as he says, that the court did not think the evidence sufficient to warrant the verdict.

Of respondent's claim in this respect there is no evidence. Certain letters were also introduced in evidence written by the respondent which we deem it unnecessary to set out, but deem it sufficient to say that they contain such matters as no respectable member of this bar would be justified in sending.

It is insisted that most of the offenses alleged in the information were committed by the respondent prior to his admission to the bar of this State, and therefore were not proper to be taken into consideration by this court in its findings. The concealment and failure by an applicant for admission to the bar to disclose crimes and disreputable acts, such as would have prevented his admission, committed recently before the application for admission to the bar, are as much a fraud upon this court as crimes committed after his admission to the bar. (*People v. Gilmore, 214 Ill. 569.*) While it is true that this court would be slow to act in cases where offenses were committed some length of time before the application for admission to the bar, where good behavior is shown for a considerable length of time prior to the application for admission and after the admission to the bar, yet where offenses such as are shown by this record to have been committed are of such a grave character and so recent, and where the attorney has not seen fit to improve upon his actions but has continued to defraud the courts since his admission to the bar and to persist in conduct unworthy of a counselor at law, we think the court would not be warranted in failing to act, and that the conditions are such as require his disbarment.

We are of opinion that each and every allegation in the information was proven, and we deem respondent a person of such a character as that he ought not to be permitted to practice.

Judgment will be entered disbarring respondent from further practicing as an attorney at law, and ordering that the name of respondent be stricken from the roll of attorneys in this State.

*Rule made absolute.*