(No. 50594.—

*In re* W. JASON MITAN, Attorney, Respondent.

*Opinion filed Jan. 12, 1979.—Rehearing denied March 30, 1979.*

120

WARD and CLARK, JJ., took no part.

John C. O'Malley, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Julius Lucius Echeles and William J. Harte, of Chicago (Joseph A. Rosin, of counsel), for respondent.

MR. JUSTICE RYAN delivered the opinion of the court:

In this attorney discipline matter we must decide two issues. Is Rule 8.1 of the Attorney Registration and Disciplinary Commission (Ill. Rev. Stat. 1977, ch. 110A, following par. 770), which states that a hearing shall commence on a complaint within 90 days of service, mandatory or directory? Second, should a licensed attorney who made several false statements on his application for admission to the bar of this State be disciplined and, if so, to what extent?

On February 4, 1976, the Administrator of the Attorney Registration and Disciplinary Commission filed a complaint, which had been voted by the Inquiry Board, alleging that respondent had deliberately made false statements on his sworn questionnaire and his sworn supplemental questionnaire filed with the Committee on Character and Fitness. The complaint was served on respondent on February 6, 1976, and a date for appearance before the hearing panel was set for May 19, 1976, a date 103 days after service. On February 25, 1976, respondent requested a continuance, which was denied although additional time to answer was given, and then on March 10, 1976, and again on April 9, 1976, filed answers to the complaint. On May 16, 1976, two days before the date set for the hearing, respondent moved to dismiss the complaint on the ground that the hearing had not commenced within 90 days of service as specified in Rule 8.1 of the Attorney Registration and Disciplinary Commission. The motion to dismiss was granted on May 18, 1976, without prejudice to the Administrator to file a new complaint. The Administrator filed an identical complaint on May 20, 1976; this second complaint was not voted by

the Inquiry Board as specified in our Rule 753(a) (58 Ill. 2d R. 753(a)). Service of this second complaint was had on the respondent. He was also served with a "Request to Admit Facts and Genuineness of Documents" (Request) pursuant to our Rule 216 (58 Ill. 2d R. 216). Technical objections to service made by the respondent delayed the proceedings until January 1977. On several occasions in January 1977 respondent filed motions objecting to the form and content of certain paragraphs in the Request; he made specific denials to only three paragraphs. The hearing panel overruled these objections, and on January 25, 1977, when no admission or denial was filed by the respondent, deemed the allegations admitted. Though respondent was not personally present at the hearing, his counsel did not stand exclusively on procedural points but objected vigorously to admission of each item of the Administrator's evidence and in closing argument dealt extensively with the alleged misconduct itself.

As to the substantive matters of the complaint, the Administrator presented substantial evidence supporting his allegations that the respondent made numerous false statements and deliberately failed to disclose certain information in the sworn questionnaire and statement filed with his July 14, 1972, application for admission to the Illinois bar. These false statements and omissions were reiterated in an April 9, 1974, supplemental questionnaire in which the respondent indicated that there were "no changes" in most areas of the questionnaire; numerous questions were marked "same."

The hearing panel and the Review Board found that the respondent had made nine specific and material misrepresentations. Respondent did not disclose at least four of his previous addresses and falsely stated his birthday to be May 18, 1943, when, in fact, his birthday is May 18, 1938. He did not disclose that his name at birth was Walter James Mitan and that it was changed by court

order on May 1, 1972, to W. Jason Mitan. In response to a direct question he gave no information regarding a previous marriage and he did not disclose details of a subsequent divorce. Respondent answered in the negative questions about attendance at law schools other than the one from which he received his degree and application for admission to other State bars; in fact, he attended John Marshall Law School as an "auditor" and applied for admission to the bar of Pennsylvania. Respondent did not disclose at least five previous employers and occupations. Respondent also denied involvement in any prior civil or criminal proceedings when, in fact, he had been involved in several civil suits, had been arrested three times, and had pleaded guilty and had been convicted of a felony confidence game.

The hearing panel and the Review Board recommended that the respondent be disbarred.

Before reaching the substantive aspects of the Administrator's complaint, respondent urges that we hold that two technical errors in the proceedings below stripped the hearing panel of its authority to recommend discipline: a hearing was not held on the first complaint within 90 days of service as specified in Rule 8.1 of the Commission; and, the second complaint filed by the Administrator was not voted by the Inquiry Board, as required by this court's Rule 753(a).

Rule 8.1 is not a rule of this court but is a procedural rule of the Commission which it is authorized to promulgate by our Rule 751(a), which provides that the Commission shall have the duty "(a) To make rules for disciplinary proceedings not inconsistent with the rules of this court" (58 Ill. 2d R. 751(a)). This court has the inherent power to regulate the admission of attorneys to the practice of law and to discipline attorneys who have been admitted to practice before it. The disciplining of attorneys is in the nature of an original proceeding in which the

Attorney Registration and Disciplinary Commission and its various officers, as well as the Inquiry Board, the hearing panel and the Review Board, serve only as agents of this court in administering the disciplinary functions that have been delegated to them. (*In re McCallum* (1945), 391 Ill. 400, 419; *In re Reynolds* (1965), 32 Ill. 2d 331, 336; *In re Czachorski* (1969), 41 Ill. 2d 549.) The findings and recommendations of the hearing panel and the Review Board, although entitled to virtually the same weight as the findings of any trier of fact, are nonetheless not binding on this court but are advisory only (*In re Hallett* (1974), 58 Ill. 2d 239; *In re McCallum*). This court has held that because of the nature of the proceedings before those to whom we have delegated the authority to act, we will not consider technical objections as to the practice and procedures before them, nor can such technical objections bind us or limit our authority to act. *In re Czachorski; In re Yablunky* (1950), 407 Ill. 111.

Rule 8.1 of the Attorney Registration and Disciplinary Commission provides:

"Except in extraordinary circumstances, the hearing on the complaint shall commence before the Hearing Panel no later than 90 days after service of the complaint upon the respondent." (Ill. Rev. Stat. 1977, ch. 110A, following par. 770.)

The respondent asks us to hold that this rule sets forth a mandatory statute of limitations, a limitation which would effectively bar this court from disciplining an attorney merely because of an inadvertent administrative error committed by the Administrator's office. This we will not do. Our Rule 753(c) requires only that the Hearing Board shall set a date for hearing on a complaint not earlier than 21 days after the filing of such complaint and that a copy of the same and a notice of the date for hearing must be served on the respondent attorney not less than 14 days prior to the date set for hearing. Our rule states no

limitation on the length of time between the filing of the complaint and the hearing. Rule 8.1 of the Commission must be viewed not as a limitation on the authority or jurisdiction of this court, but as a procedural rule of the Commission directing the Administrator to conduct orderly and timely proceedings with due regard for the rights of the attorney under investigation. The rule promotes prompt action.

The hearing panel properly exercised its discretion in dismissing the complaint without prejudice to the Administrator to file a new complaint. The time limitation is not mandatory, and it cannot be construed, as respondent urges, to be a means of implementing a right to a speedy trial similar to the 120-day provision of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5). The failure to comply with the Commission's Rule 8.1 does not deprive this court or its agents of the right or the power to further consider the charges against the respondent.

Respondent's second technical objection to the jurisdiction of this court concerns the Administrator's failure to submit his second complaint to a vote of the Inquiry Board as specified in our Rules 753(a) and (b). The Administrator filed the second complaint, identical to the first, two days after dismissal of the first complaint without prejudice. The second complaint filed by the Administrator contained the same charges and involved the same conduct of the respondent which the Inquiry Board had originally considered sufficient to cause a complaint to be filed. The order of dismissal simply preserved whatever procedural benefits Rule 8.1 accorded to the respondent by requiring that the hearing date be set within 90 days following the service of the complaint. The order of dismissal was without prejudice to the Administrator to file a new complaint. The filing of a new complaint containing the same charges just two days after the

dismissal of the original complaint does not violate our Rule 753(b), which requires that "[a] complaint voted by the Inquiry Board shall be prepared by the Administrator and filed with the appropriate Hearing Board." This second complaint was one which had been voted by the Inquiry Board. The purpose of our Rules 753(a) and (b) is to prevent the Administrator from acting solely on his own in an arbitrary or dictatorial manner. The attorney-respondent is given the protection of having to answer charges only when they have been made by the Inquiry Board after it has considered the facts upon which they are based independently of prosecutorial interests of the Administrator. The conduct of the Administrator in this case has not violated or deprived the respondent of this protection.

A pattern of falsehood and deception pervades the respondent's 1972 and 1974 statements and questionnaires submitted to the Committee on Character and Fitness. Viewed alone, each individual falsehood or omission may appear of minor consequence; together, however, the responses present evidence of a calculated effort by the respondent to frustrate any meaningful examination and investigation of the applicant's fitness to practice law. Though some of respondent's explanations seem at least plausible (secretarial typing error; merely audited law school courses without credit), others strain credulity (psychologically blocked out unpleasant memories of unpleasant marriage and divorce; arrests not reportable if not followed by conviction). These attempts at rationalizing respondent's conduct do not disguise the obvious falsehoods. But for the felony conviction, respondent would probably have been admitted to practice had he originally told the Committee everything he tells us now; even the conviction itself would not necessarily and automatically preclude admission. (*People ex rel. Deneen v. Coleman* (1904), 210 Ill. 79, 80-81.) Even though we

might accept respondent's explanation that mere inadvertence caused all of these falsehoods and omissions, we must, nonetheless, adhere to our recent holding that a bar applicant has a duty to accurately state matters contained in an application for admission. (*In re Martin-Trigona* (1973), 55 Ill. 2d 301.) The Illinois Code of Professional Responsibility, Disciplinary Rule 1—101(A) (1970)—violation of which may subject an attorney to discipline (*In re Hallett* (1974), 58 Ill. 2d 239)—and several early cases recommend sanctions for concealing prior convictions and making materially false statements in the bar application. (*People ex rel. Healy v. Propper* (1906), 220 Ill. 455; *People ex rel. Deneen v. Gilmore* (1905), 214 Ill. 569; *People ex rel. Deneen v. Hahn* (1902), 197 Ill. 137 (all cases recommend disbarment).) These cases hold that the concealment of a prior conviction constitutes a fraud upon this court and warrants discipline. Recent cases from other jurisdictions also recommend disbarment for such conduct. *Florida Board of Bar Examiners v. Lerner* (Fla. 1971), 250 So. 2d 852; *In re Howe* (N.D. 1977), 257 N.W.2d 420; *In re Elliott* (1977), 268 S.C. 522, 235 S.E.2d 111.

The concealment of the respondent's prior conviction, as noted in the cases cited above, constituted a fraud on this court which, as the earlier cases from this State and the cases cited from other jurisdictions held, is conduct of such a serious nature as to warrant disbarment. When we consider also the respondent's false and deceptive answers to other questions, we conclude that the discipline recommended by the hearing panel and the Review Board is warranted. It is therefore the order of this court that the respondent be disbarred.

*Respondent disbarred.*

WARD and CLARK, JJ., took no part in the consideration or decision of this case.