ANDREW C. SCHNACK, III, Plaintiff-Appellee, *v.* DAVID CRUMLEY, Defendant-Appellant.

Fourth District No. 17284

Opinion filed February 4, 1982.—Modified on denial of rehearing March 15, 1982.

David Crumley, of Quincy, for appellant, *pro se*.

Scholz, Staff & Palmer, of Quincy (James L. Palmer, of counsel), for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

Defendant appeals the trial court's denial of his motions for costs under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41), which were filed in the trial court after this court reversed, without remand, a previous judgment against defendant for legal fees which plaintiff sought as a result of services rendered. A motion to dismiss the appeal for lack of jurisdiction, filed by plaintiff, was ordered taken with the case.

The parties are well aware of the underlying facts surrounding this litigation and they need not be restated in detail here. The question before this court is one of procedure and concerns the ability of a trial court to entertain a motion for section 41 costs on behalf of a litigant who has

obtained a reversal, without remand, of the underlying judgment on appeal.

The operative facts indicate that defendant's claim for section 41 costs arose for the first time in defendant's prayer for relief in his third post-trial motion filed after judgment was entered against him after a trial on the original complaint. An examination of the three post-trial motions, two of which were filed more than 30 days after judgment was rendered against defendant, reveals that defendant raised a number of legal and factual issues which defendant claimed supported judgment in his favor or a new trial. Nowhere, however, in any of these motions are any facts or allegations presented which specifically delineated those portions of the pleadings or testimony upon which defendant relied to support his claim for section 41 costs. Following a hearing on all three motions, the trial court, without differentiating between the various claims, denied all of the post-trial motions in their entirety.

On direct appeal, defendant again presented to this court various legal and factual questions concerning the propriety of the judgment entered against him in the trial court. Defendant, however, never briefed nor specifically argued the question of the propriety of the denial of section 41 costs, though in his prayer for relief to this court defendant again asked that section 41 costs be granted.

On August 13, 1980, this court entered a Rule 23 order in *Schnack v. Crumley* (1980), 86 Ill. App. 3d 1200 (Rule 23 order). In that order, we reversed the judgment of the trial court because the complaint failed to state a cause of action since the record did not demonstrate that plaintiff had been assigned the claim against defendant from a partnership of which plaintiff had earlier been a member and to which defendant might have otherwise owed the fee in question. Since that holding was dispositive of the case, this court chose not to express an opinion upon defendant's other major contention, that being that the judgment should be reversed because plaintiff undertook employment that was adverse to defendant's interests. No petition for rehearing was filed from that order.

In due course, the mandate from this court issued reversing, without remand to the trial court. Thereafter, defendant filed an entirely new motion for costs under section 41 which the trial court ultimately dismissed for lack of jurisdiction.

■■ Defendant's first contention, that the mandate filed in the trial court upon reversal of the prior cause, was sufficient, in and of itself, to award him costs under section 41, is without merit. The language of the mandate to the effect that "appellant recover costs of and from said appellee" applies only to costs generated by the appeal and has nothing to do with any claim for section 41 costs.

■■ Defendant's next contention is that his motion for section 41 costs,

filed within 30 days of the filing of the mandate in the trial court is timely under section 41. That argument is based upon language of section 41 which states that motions for costs under the statute must be made "within 30 days of the judgment or dismissal." Defendant contends that "judgment" was not rendered until the mandate was filed. We do not agree.

Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41) states:

> "Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal.
>
> The State of Illinois or any agency thereof shall be subject to the provisions of this Section in the same manner as any other party.
>
> Where the litigation involves review of a determination of an administrative agency, the court shall include in its award for expenses an amount to compensate a party for costs actually incurred by that party in contesting on the administrative level an allegation or denial made by the State without reasonable cause and found to be untrue."

In interpreting section 41, courts have uniformly held that section 41 motions are timely only if filed within 30 days of the underlying judgment. (*People ex rel. Henderson v. Redfern* (1968), 104 Ill. App. 2d 132, 243 N.E.2d 252.) The remedy in this provision is clearly limited to matters before the trial court, primarily in connection with pleadings, and requires that relief be sought at the trial level. (*Henderson.*) A motion for section 41 fees which is first addressed to a trial court after a mandate issues from the direct appeal is not timely since it does not satisfy the requirements of section 41 with respect to the timing or the substance of a petition thereunder. *Henderson.*

Therefore, the question is whether defendant sufficiently raised and preserved the issue of section 41 costs either at the trial level following the entry of the original judgment against him, or on appeal.

We note at the outset that defendant's succession of post-trial motions was in direct violation of the rule that there be but a single post-trial motion. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.) Nevertheless, the trial court chose to entertain all three of defendant's post-trial motions, and we cannot conclude that the trial court abused its discretion in denying section 41 relief. *Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 370 N.E.2d 1106.

■■ Even a most liberal reading of the three post-trial motions filed by

defendant leads us to the conclusion that he did not properly raise this issue in the trial court in the first instance. Nowhere in the substance of the motions does defendant ever set forth any of the specific pleadings or testimony of plaintiff which defendant claims are untrue by virtue of other facts adduced at trial or through discovery. This sort of specificity is necessary when the trial court is presented with motions for section 41 costs since plaintiff must have an opportunity to challenge and defend allegations of untruthful pleadings. It is not sufficient that the facts are ultimately adverse to the pleadings as set forth in the trial court. It must be demonstrated not only that certain allegations are untrue but that the person against whom the sanction is sought knew them to be untrue at the time they were made. (*Year Investments, Inc. v. Joyce* (1963), 44 Ill. App. 2d 367, 195 N.E.2d 21.) Sections 41 is penal in nature and must be invoked only in those cases falling strictly within its terms. (*Rago v. Cosmopolitan National Bank* (1967), 89 Ill. App. 2d 12, 232 N.E.2d 88.) Without specific allegations pertaining to particular pleadings, there was nothing from which the trial court could make a section 41 finding favorable to defendant. Hence, it was not an abuse of discretion for the trial court to deny costs on that basis.

Defendant, however, argues that the issue was preserved for review in this court on the direct appeal because the denial of costs was predicated, at least in part, upon the trial court's refusal to overturn the judgment already entered against the defendant. We disagree for two distinct reasons.

■■ Post-trial motions which alleged error or which cite grounds for relief without sufficient specificity are not claims which are preserved for review. (*Williamson v. Opsahl* (1981), 92 Ill. App. 3d 1087, 416 N.E.2d 783; *Huff v. Illinois Central R.R. Co.* (1972), 4 Ill. App. 3d 113, 280 N.E.2d 256; *City National Bank & Trust Co. v. Almond* (1963), 42 Ill. App. 2d 314, 192 N.E.2d 297.) Since defendant's post-trial motion alleges only generally that he is entitled to section 41 relief without specifics supporting that claim, no error in that regard was preserved for review. Compare *People v. Nunez* (1974), 24 Ill. App. 3d 163, 320 N.E.2d 462.

■■ Moreover, Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7)) provides:

"(e) Appellant's Brief. The appellant's brief shall contain the following parts in the order named:
* * *

(7) Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. As to cases involving constitutional questions appealed directly from the circuit court to the Supreme Court, see Rule 302(b). Evidence shall not be copied at

length, but reference shall be made to the pages of the record on appeal, excerpts or abstract where evidence may be found. Citation of numerous authorities in support of the same point is not favored. Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

In his direct appeal to this court, though defendant again prayed for section 41 relief from this court, the defendant did not set forth at any point in the arguments in his brief the specific pleadings upon which he relied to demonstrate his entitlement to section 41 relief. As a consequence, defendant waived the issue in this court notwithstanding that a motion or argument concerning section 41 relief would be inappropriate if presented to the appellate court in the first instance. *Cf. Brooks v. Goins* (1967), 81 Ill. App. 2d 12, 225 N.E.2d 707.

■■ Because defendant waived this issue at both the trial level and on appeal, a subsequent motion for costs in the trial court upon the filing of the mandate was not timely and was properly dismissed. Accord, *Cohn v. Receivables Finance Co.* (1972), 7 Ill. App. 3d 869, 288 N.E.2d 894; *Ford Hopkins Co. v. Faber* (1970), 121 Ill. App. 2d 143, 257 N.E.2d 227.

Motions for section 41 costs are a separate and distinct remedy to penalize litigants who plead false matters which subject the litigant to unnecessary expense and harassment. (*King v. King* (1978), 57 Ill. App. 3d 423, 373 N.E.2d 313.) Section 41 was not intended, however, in some oblique manner to prevent harassment by vexatious or frivolous pleadings in all cases. (*Hearst Corp. v. Associated Trade Press, Inc.* (1968), 98 Ill. App. 2d 360, 240 N.E.2d 386.) The litigant must find sanctions elsewhere than in section 41 for relief from such abuse. (*Sarelas v. Alexander* (1971), 132 Ill. App. 2d 380, 270 N.E.2d 558; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.) If a party believes he has been subject to untrue pleadings, tactically he should not attempt to substantiate that claim by seeking reversal of the trial court's action. Rather he should directly prosecute for costs or fees under section 41. (*Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114.) If defendant felt that he had a viable claim for section 41 costs which this court overlooked in its Rule 23 order, his remedy was to petition for rehearing to this court asking that this court address that particular issue. Without such a motion for rehearing, this court could not address the issue which had otherwise not been briefed and argued previously to the court. It is for this reason that the prior Rule 23 order reversed the judgment without remand. There was simply nothing else presented to this court by defendant by way of briefs or argument which would have authorized this court to raise and consider the issue on its own.

Plaintiff contends that the subsequent motion filed by defendant could not be entertained by the trial court because reversal without

remand brings an end to the litigation divesting the court of further jurisdiction to entertain motions with regard to the case. While we do not disagree with that conclusion as a general proposition of law, we are not persuaded that the problem is one of jurisdiction.

Plaintiff has not cited any authority suggesting that failure to file a timely section 41 motion represents a jurisdictional defect. Though the practical effect of the untimely filing may be the same, the trial court does not lack jurisdiction to entertain the motion. In the absence of objection, we conclude that the failure to timely file a motion may be waived in the same fashion, for example, as the statute of limitations may be waived by the parties. Though the trial court, in this case, ultimately concluded that he lacked jurisdiction to entertain the motion, a review of the record also indicates that the court was of the opinion that defendant had not properly presented the issue for consideration nor preserved it for review on direct appeal. We perceive no error in the trial court's dismissal of defendant's motion under these circumstances. *Henderson.*

Defendant's final contention is that this court should sanction plaintiff for his unprofessional conduct under the authority of Supreme Court Rule 61(c)(10) (Ill. Rev. Stat. 1979, ch. 110A, par. 61(c)(10)), and various sections of the Code of Professional Responsibility (Ill. Rev. Stat., 1980 Supp., ch. 110A, art. VIII, Rule 1—101 *et seq.*). This argument is also without merit.

■■ Disciplinary proceedings and sanctions are strictly within the province of the supreme court which has stated that the disciplining of attorneys is in the nature of an original proceeding in which the Attorney Registration and Disciplinary Commission and its various officers, as well as the inquiry board, the hearing panel, and the review board, serve as agents of the supreme court in administering the disciplinary functions that have been delegated to them. (*In re Mitan* (1979), 75 Ill. 2d 118, 387 N.E.2d 278.) Any sanctions based on alleged professional misconduct must be addressed to the Disciplinary Commission which is vested with the authority to consider such matters and which is the proper forum for such actions rather than this court.

Plaintiff's motion to dismiss is denied, and the judgment of the Adams County circuit court is affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.