MICHAEL D. ETTINGER, Plaintiff-Appellant, v. CARL D. ROLEWICK *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—2607

Opinion filed January 7, 1986.—Rehearing denied January 28, 1986.

Sam Adam, of Chicago, for appellant.

Deborah M. Kennedy, of Chicago, for appellees.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Michael D. Ettinger, is an attorney licensed by the Illinois Supreme Court to practice law in this State. On August 27, 1984, he filed a complaint against defendants Carl D. Rolewick, Administrator, and the Illinois Attorney Registration and Disciplinary Commission seeking to enjoin defendants "from utilizing the transcript of plaintiff's testimony in *United States v. Gervasi* [(N.D. Ill. 1983), 562 F. Supp. 632], and all other fruits of the 1977 eavesdropping previously held unlawful by the Illinois Supreme Court in *People v. Gervasi* [(1982), 89 Ill. 2d 522, 434 N.E.2d 1112]."

Defendants filed a motion to dismiss, challenging the jurisdiction of the circuit court and further alleging that defendants were not prohibited from using material which had been properly admitted in a proceeding before a court of record. On October 16, 1984, after considering the briefs and arguments of counsel, the trial court entered an order finding that it had jurisdiction, but otherwise sustained

defendants' motion to dismiss. Plaintiff filed a timely notice of appeal. However, defendants did not appeal from the portion of the order denying their motion to dismiss on jurisdictional grounds.

Plaintiff is the subject of·an investigation by defendants concerning possible alleged violations of the Illinois Code of Professional Responsibility. (87 Ill. 2d R. 1—101 *et seq.*) Defendant Illinois Attorney Registration and Disciplinary Commission is the agency established by the Illinois Supreme Court pursuant to Supreme Court Rules 751 *et seq.* (87 Ill. 2d R. 751 *et seq.*) to supervise the registration and disciplinary proceedings affecting members of the Illinois bar. Defendant Carl H. Rolewick (Administrator) is the administrator appointed by the Illinois Supreme Court to serve as the principal executive officer of the registration and disciplinary system. 87 Ill. 2d R. 752.

On February 23, 1978, an indictment was returned in the circuit court of Cook County alleging that plaintiff participated in a scheme to bribe a police officer in order to arrange for the dismissal of a criminal charge against a client whom he was representing as cocounsel with John Gervasi. This prosecution was based, in part, upon the monitoring of certain telephone conversations engaged in by Officer Donald Furay with plaintiff, on November 3 and November 4, 1977, without plaintiff's consent. Court reporters, who overheard these conversations through a telephone from which the speaking element had been removed, transcribed the conversations. The day after the indictment was returned, the Administrator initiated an investigation pursuant to Supreme Court Rule 752 (87 Ill. 2d R. 752) by observing the criminal proceeding.

In *People v. Gervasi* (1982), 89 Ill. 2d 522, 434 N.E.2d 1112, the Illinois Supreme Court held that the 1977 monitoring of plaintiff's telephone conversations was in violation of the Illinois eavesdropping statute (Ill. Rev. Stat. 1977, ch. 38, pars. 14—1 *et seq.*, 108A—1 *et seq.*), and upheld the suppression of the testimony and transcripts of the court reporters. However, the court found that this evidence did not violate the Federal or State constitutions and that the testimony of Officer Furay was admissible since it was not the fruit of the poisonous tree.

On September 14, 1982, the State prosecution was nol-prossed and plaintiff was indicted by a Federal grand jury for conspiracy, fraud and racketeering in violation of Federal statutes. (*United States v. Gervasi* (N.D. Ill. 1983), 562 F. Supp. 632.) The Federal prosecution was based on substantially the same facts as the State prosecution. However, the Federal district court denied plaintiff's motion to suppress the evidence pertaining to the eavesdropping on the grounds

that the eavesdropping was lawful under Federal law and that the Illinois eavesdropping statute did not apply to Federal proceedings. Officer Furay was called as a prosecution witness. Plaintiff's complaint alleges that Officer Furay "had no independent recollection of the substance of the conversations other than the transcripts." The transcripts were admitted into evidence and read to the jury.

Plaintiff alleges that he was compelled to testify in his own behalf in order to rebut the transcripts of the telephone conversations. During his testimony, plaintiff admitted participating in a transaction which resulted in a payment of money to Officer Furay to induce him to act in a certain way in a pending criminal case. He testified that he believed his conduct did not constitute a criminal act and cited *People v. Powell* (1977), 48 Ill. App. 3d 723, 362 N.E.2d 1329, *rev'd* (1978), 72 Ill. 2d 50, 377 N.E.2d 803, *cert. denied* (1979), 440 U.S. 907, 59 L. Ed. 2d 455, 99 S. Ct. 1214, which was admitted in evidence.

However, plaintiff admitted that his conduct was morally wrong. In response to a question by his own attorney, he testified: "Well, ethically, I'm probably going to lose my license." He further answered:

"Q. Did you think or do you think that the *Powell* case is going to protect your license?

A. No, sir."

The jury returned a verdict of not guilty.

Thereafter, the Administrator advised plaintiff that a disciplinary investigation of his conduct had begun based on the transcript of plaintiff's testimony at his Federal trial, and requested plaintiff to respond. Plaintiff, by letter and later by a motion to suppress before the Commission's Inquiry Board, asserted that the use of the transcript in the disciplinary action was prohibited by State law as the fruit of an unlawful eavesdropping. The motion was denied. Plaintiff then filed a motion for leave to file a petition for a writ of *mandamus* in the supreme court challenging the Administrator's use of the transcript. On May 22, 1984, the supreme court denied plaintiff's motion.

On August 28, 1984, pursuant to Supreme Court Rule 753 (94 Ill. 2d R. 753), the Inquiry Panel directed the Administrator to file a formal complaint against plaintiff with the Hearing Board. Plaintiff then filed this suit for injunction based on the Illinois eavesdropping statute (Ill. Rev. Stat. 1983, ch. 38, par. 14—6(a)), seeking to restrain defendants from using the transcript of plaintiff's Federal testimony and "all other fruits of the unlawful 1977 eavesdropping." As previously noted, defendants' motion to dismiss plaintiff's complaint was sustained.

I

■ The first issue we must determine is whether the circuit court had jurisdiction to consider plaintiff's complaint for an injunction.

In the trial court, defendants moved to dismiss plaintiff's complaint and alleged: "The Supreme Court of Illinois has original and inherent jurisdiction to regulate the practice of law in Illinois. The Circuit Court is not, therefore, a proper forum from which to seek such relief." This portion of defendants' motion was denied and the trial court found that it had jurisdiction over the subject matter. Defendants did not file a cross-appeal on the jurisdictional point. However, they did allude to it in responding to some of plaintiff's arguments on appeal.

"Defects in subject matter jurisdiction cannot be waived [citation], nor can such jurisdiction be conferred on the court by the acquiescence or the stipulation of the parties [citation]." (*People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 521, 472 N.E.2d 547.) We conclude that, under the facts of this case, the inherent nature of an attorney disciplinary proceeding precludes the circuit court of Cook County from asserting jurisdiction over the subject matter.

■ The power to regulate and define the practice of law in this State is the prerogative of the Illinois Supreme Court. This principle is firmly established in the opinions of our supreme court, commencing with *In re Day* (1899), 181 Ill. 73, 54 N.E. 649, when the court stated:

> "The attorney is a necessary part of the judicial system, and his vocation is not merely to find persons who are willing to have lawsuits. He is the first one to sit in judgment on every case, and whether the court shall be called upon to act depends on his decision. It is our duty to maintain the provision of the constitution that no person or collection of persons, being one of the departments of the government, shall exercise a power properly belonging to another, and if the legislature by inadvertence, as in this case, assumes the exercise of a power belonging to the judicial department, it should only be necessary to call its attention to the restraint imposed by the constitution." (181 Ill. 73, 97, 54 N.E. 649.)

The Illinois Supreme Court has never deviated from the rule that it has original and inherent jurisdiction to regulate the practice of law. In the case of *In re Harris* (1982), 93 Ill. 2d 285, 443 N.E.2d 557, the court held:

> "At the outset we note that this court has the inherent

power to discipline attorneys who have been admitted to practice before it and that the disciplining of attorneys is in the nature of an original proceeding in this court. The Attorney Registration and Disciplinary Commission and its various officers, as well as the Inquiry Board, the hearing panel and the Review Board, serve this court in administering the disciplinary functions that have been delegated to them. [Citation.] This is different from this court's function in appellate review. The findings of fact of the hearing panel and the Review Board are entitled to virtually the same weight as the findings of any trier of fact, but their recommendations are advisory only. [Citations.]" 93 Ill. 2d 285, 291-92, 443 N.E.2d 557.

The function of the Administrator and Commission are defined in *In re Mitan* (1979), 75 Ill. 2d 118, 387 N.E.2d 278, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 171, 100 S. Ct. 231:

"The disciplining of attorneys is in the nature of an original proceeding in which the Attorney Registration and Disciplinary Commission and its various officers, as well as the Inquiry Board, the hearing panel and the Review Board, *serve only as agents of this court in administering the disciplinary functions that have been delegated to them.*" (Emphasis added.) 75 Ill. 2d 118, 123-24, 387 N.E.2d 278.

The Historical and Practice Notes to Supreme Court Rule 753 state:

"[I]t is the Supreme Court and it alone which exercises the disciplinary power ***." Ill. Ann. Stat., ch. 110A, par. 753, at 612 (Smith-Hurd 1985).

In *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 431 N.E.2d 1364, the appellate court was asked to discipline an attorney for unprofessional conduct. The court correctly declined jurisdiction, stating:

"Disciplinary proceedings and sanctions are strictly within the province of the supreme court which has stated that the disciplining of attorneys is in the nature of an original proceeding in which the Attorney Registration and Disciplinary Commission and its various officers, as well as the inquiry board, the hearing panel, and the review board, serve as agents of the supreme court in administering the disciplinary functions that have been delegated to them. [Citation.] Any sanctions based on alleged professional misconduct must be addressed to the Disciplinary Commission which is vested with the authority to consider such matters and which is the proper forum for such actions rather than this court." 103 Ill. App. 3d 1000, 1007,

431 N.E.2d 1364.

The only case that we are aware of where the circuit court was involved in a disciplinary proceeding is *In re Zisook* (1982), 88 Ill. 2d 321, 430 N.E.2d 1037, *cert. denied* (1982), 457 U.S. 1134, 73 L. Ed. 2d 1352, 102 S. Ct. 2962. That case dealt with the scope of an attorney's fifth amendment privilege against incriminating himself during proceedings before the Attorney Registration and Disciplinary Commission. The Illinois Supreme Court adopted a procedure to secure determination as to the propriety of the asserted privilege. In lieu of seeking a determination from the Illinois Supreme Court, the Commission was directed to apply to the Chief Judge of the circuit court of the county in which the proceeding was being conducted, who would then designate a judge to hear the matter. In this circumstance, the circuit court is then acting on a direct order of the Illinois Supreme Court as its agent for a very limited purpose.

The Federal courts have tacitly recognized the inherent and original jurisdiction of the Illinois Supreme Court to regulate the practice of law. In the case of *In re Daley* (7th Cir. 1977), 549 F.2d 469, *cert. denied* (1977), 434 U.S. 829, 54 L. Ed. 2d 89, 98 S. Ct. 110, an immunity order was entered by the Chief Judge of the United States District Court for the Northern District of Illinois to compel the testimony of an attorney in a criminal case. In addition to the usual immunity, the order provided:

"*** that no testimony of the witness, John Daley, compelled under this order as above, may be used in any administrative proceeding, disciplinary committee, any bar association or state Supreme Court, in conjunction with any professional disciplinary proceeding or disbarment." (549 F.2d 469, 473.)

Thereafter, the Illinois Attorney Registration and Disciplinary Commission instituted an inquiry to determine whether the attorney's immunized testimony relating to a bribery of a public official warranted disciplinary action. The attorney filed an action in the Federal court to compel the Illinois Attorney Registration and Disciplinary Commission to comply with the immunity order. The Court of Appeals for the Seventh Circuit held:

"*** In purporting to confer immunity which superseded both the pertinent statutory delegation of authority and the inherent discretionary powers of the federal prosecutor, through encompassing state remedial proceedings not contemplated by the Fifth Amendment, the United States Attorney acted outside the scope of his jurisdiction and utterly without authorization of law. His actions are therefore bereft of validity. [Citation.]" 549

F.2d 469, 480-81.

Plaintiff invokes the jurisdiction of the circuit court in reliance upon an act of the legislature which, in this case, is the Illinois eavesdropping statute. To preclude the supreme court from exercising its jurisdiction in considering the fitness of an attorney would violate the separation of powers doctrine (Ill. Const. 1970, art. III, sec. 1), and would be an unwarranted application of the Illinois eavesdropping statute.

In view of the foregoing, it would be presumptuous of any court to exercise jurisdiction unless specifically directed to do so by the Illinois Supreme Court as its agent. Having determined that the Illinois Supreme Court has exclusive jurisdiction, it is not necessary to consider the other matters raised on appeal.

Accordingly, the judgment of the circuit court of Cook County is reversed and remanded with directions to vacate its order.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.